**FILED**
VANESSA L. ARMSTRONG, CLERK

SEP 18 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

SECOND SUPERSEDING INDICTMENT

v.

NO. 3:19-CR-00019-CRS
18 U.S.C. § 875(c)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982
18 U.S.C. § 1028A
18 U.S.C. § 1201(a)
18 U.S.C. § 1344
18 U.S.C. § 2421(a)
18 U.S.C. § 2428
28 U.S.C. § 2461

BRYAN DOUGLAS CONLEY

The Grand Jury charges:

## COUNT 1
*(Interstate Transportation for Prostitution)*

1. On or about November 8, 2018 through November 12, 2018, in the Western District of Kentucky, Oldham County, and elsewhere, the defendant **BRYAN DOUGLAS CONLEY**, knowingly transported, and attempted to transport, a person, female 1, in interstate commerce with intent that the individual engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Sections 2421(a).

The Grand Jury further charges:

## COUNT 2
*(Kidnapping By Inveigle and Decoy)*

2. On or about January 26, 2019, through the use of an online dating application, PlentyofFish.com ("POF"), **BRYAN DOUGLAS CONLEY**, used the online persona of "Lance" and "Lance De Beers" to inveigle and decoy R.W. to meet with **BRYAN DOUGLAS CONLEY**. "Lance's" POF profile contained a stock model photograph of a person that was not **BRYAN DOUGLAS CONLEY**.

3. On January 26, 2019, R.W. agreed to meet "Lance" at a location near Dover, Tennessee, located south of Fort Campbell, Kentucky. R.W. arrived in Dover, Tennessee, and she met **BRYAN DOUGLAS CONLEY** instead of "Lance". **BRYAN DOUGLAS CONLEY** falsely represented he was a modeling agent and the modeling agent for "Lance." **BRYAN DOUGLAS CONELY** told R.W. she could be a paid model and took photographs of R.W. for her modeling portfolio. **BYAN DOUGLAS CONLEY** told R.W. that "Lance" did not show up because he had been arrested.

4. On January 27, 2019, R.W. met **BRYAN DOUGLAS CONLEY** in a hotel in Brentwood, Tennessee, to take photographs for R.W.'s modeling portfolio. **BRYAN DOUGLAS CONLEY** asked R.W. for her phone number, date of birth, address, and other information that he wrote down as notes. **BRYAN DOUGLAS CONLEY** showed R.W. a sample modeling contract. **BRYAN DOUGLAS CONLEY** provided R.W. with a red yeti mug containing an unspecified sports drink, which he told her she was required to drink as part of the modeling contract. R.W. did not stay overnight at the hotel.

5. On January 28, 2019, **BRYAN DOUGLAS CONLEY** contacted R.W. and arranged for her to meet "Lance" again in Dover, Tennessee, and participate in a photography shoot. R.W.

traveled to Dover, Tennessee, and instead again met **BRYAN DOUGLAS CONLEY**. **BRYAN DOUGLAS CONLEY** convinced R.W. to place her purse and an overnight bag in his car to travel to meet "Lance." R.W. and **BRYAN DOUGLAS CONLEY** drove to a remote location in Dover, Tennessee. R.W. never met "Lance" that night and returned home. **BRYAN DOUGLAS CONLEY** told R.W. that "Lance" had been arrested again and could not make it. Her purse and wallet with her social security card and credit cards remained in **BRYAN DOUGLAS CONLEY's** car. **BRYAN DOUGLAS CONLEY** told R.W. that "Lance" had her personal items and tried to convince her to go meet "Lance" at a hotel near Fort Campbell and retrieve them. R.W. instead returned home.

6. On January 29, 2019, at approximately 12:02 a.m., **BRYAN DOUGLAS CONLEY**, attempted to purchase prepaid credit cards using R.W.'s USAA debit/credit card without R.W.'s authorization and permission at Walmart in Oak Grove, Kentucky.

7. On January 29, 2019, at approximately 8:54 a.m., **BRYAN DOUGLAS CONELY** attempted to log in to R.W.'s USAA online bank account without her authorization and permission. **BRYAN DOUGLAS CONLEY** entered R.W.'s social security number but failed to correctly answer any of the security questions.

8. On January 29, 2019, **BRYAN DOUGLAS CONLEY** communicated with R.W. to schedule a modeling photography shoot in Louisville, Kentucky. R.W. did not have to work that day and drove toward Louisville, Kentucky, at approximately 10:00 a.m. R.W. ran out of gas at Cave City, Kentucky, and someone gave her money to purchase gas. **BRYAN DOUGLAS CONLEY** met R.W. in the parking lot of Kroger, 185 Adam Shepherd Parkway, Shepherdsville, Kentucky.

9. On January 29, 2019, at approximately 1:30 p.m., R.W. gave **BRYAN DOUGLAS CONLEY** her cell phone because he wanted to transfer videos from her phone to his phone. R.W. gave **BRYAN DOUGLAS CONLEY** her phone and password. **BRYAN DOUGLAS CONLEY** provided R.W. what he described as a sports drink that he required R.W. to drink as part of the modeling contract so they would be paid $500. **BRYAN DOUGLAS CONLEY** told R.W. he had to watch her drink it. R.W. fell asleep after consuming the drink.

10. On January 29, 2019, at approximately 1:37 p.m., **BRYAN DOUGLAS CONLEY** used R.W.'s phone to send kidnapping ransom demands and threats to physically harm R.W. to the parents of R.W. **BRYAN DOUGLAS CONLEY** physically bound R.W. for approximately 3 to 4 hours with rope and duct tape.

11. **BRYAN DOUGLAS CONLEY** refused to allow R.W.'s parents to talk with R.W. **BRYAN DOUGLAS CONLEY** sent R.W.'s parents a proof of life photograph at approximately 10:00 p.m. on January 29, 2019. The photograph showed R.W. with a rope wrapped with duct tape binding her mouth and covered with a blanket in the back seat of a car.

12. On January 29 and 30, 2019, **BRYAN DOUGLAS CONLEY** drove R.W. to various locations throughout Kentucky. R.W. had intended to return home the night of January 29, 2019. **BRYAN DOUGLAS CONLEY** falsely claimed to R.W. that he and "Lance" were law enforcement officers and R.W. was the target of a human trafficking ring. **BRYAN DOUGLAS CONLEY** falsely claimed that it was unsafe for R.W. to return to work or home and he would not return her iPhone to her. **BRYAN DOUGLAS CONLEY** told R.W. to stay down in the back seat of the car out of view for her safety.

13. On January 30, 2019, at approximately 3:30 p.m., a ransom payment of $400 and jewelry provided by R.W.'s parents was placed in paper bag and dropped at Flying J Travel Center, located

at 18750 Herndon Oak Grove Road, Oak Grove, Kentucky 42262 for **BRYAN DOUGLAS CONLEY** to retrieve.

14. On January 30, 2019, at approximately 5:00 p.m., **BRYAN DOUGLAS CONLEY** retrieved the ransom payment from behind a dumpster at the Flying J Travel Center in Oak Grove, Kentucky. R.W. was in the back of the car. **BRYAN DOUGLAS CONLEY** then got into his car and left the Flying J Travel Center.

15. **BRYAN DOUGLAS CONLEY** falsely told R.W. that he was retrieving her wallet from "Lance" when he stopped to retrieve the ransom payment. **BRYAN DOUGLAS CONLEY** told R.W. that she would not be able to return home and would have to stay with him at a hotel the night of January 30, 2019, because it was still not safe for her to return home.

16. On or about and between January 26 and 30, 2019, in Bullitt County, Kentucky, in the Western District of Kentucky, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold R.W. for ransom, reward, or otherwise, and, in committing or in furtherance of the commission of the offense, used cellular telephones and his car, a means, facility, and instrumentality of interstate or foreign commerce, to wit: **BRYAN DOUGLAS CONLEY** inveigled and decoyed R.W. with false representations, promises, and other deceitful means to defraud, lure, and frighten R.W. to meet with him and remain under his control. **BRYAN DOUGLAS CONLEY** inveigled and decoyed R.W. by (a) using the false persona of "Lance"; (b) falsely representing he was a modeling agent and she would be paid to be a model; and (c) by falsely telling R.W. he and "Lance" were undercover law enforcement officials and that her safety was in danger because she was the target of a human trafficking ring, and held R.W. for ransom from her parents, in furtherance of the

commission of the offense used cellular telephones to send text messages containing ransom demands.

In violation of Title 18, United States Code, Section 1201(a)(1).

The Grand Jury further charges:

## COUNT 3
*(Bank Fraud)*

17. The allegations in paragraphs 2 through 16 are incorporated by reference.

18. From on or about January 28, 2019 to January 29, 2019, in Christian County, in the Western District of Kentucky, and elsewhere, **BRYAN DOUGLAS CONLEY,** the defendant, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, USAA Bank, and to obtain money, funds, and other property owned by and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises: to wit **BRYAN DOUGLAS CONLEY** executed and attempted to execute a scheme to defraud USAA Bank by attempting to purchase prepaid credit cards with R.W.'s credit card without her authorization at Walmart in Oak Grove, Kentucky, and attempt to access R.W.'s online USAA Bank bank account using R.W.'s social security number.

All in violation of Title 18, United States Code, Section 1344.

The Grand Jury further charges:

## COUNT 4
*(Aggravated Identity Theft)*

19. The allegations in paragraphs 2 through 18 are incorporated by reference.

20. From on or about January 28, 2019 to January 29, 2019, in the Western District of Kentucky, Christian County, and elsewhere, **BRYAN DOUGLAS CONLEY**, the defendant, did knowingly transfer, possess, use, without lawful authority, a means of identification of another person, R.W.'s social security number and R.W.'s USAA credit and debit card number, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: a violation of Title 18, United States Code Section 1344, as charged in Count 2, knowing that the means of identification belonged to another actual person identified.

All in violation of Title 18, United States Code, Section 1028A.

The Grand Jury further charges:

## COUNT 5
*(Interstate Threats)*

21. The allegations in paragraphs 2 through 20 are incorporated by reference.

22. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Good I am actually the woman who has your daughter. No cops. Nothing stupid ok Or I sell her and you won't see her again".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 6
*(Interstate Threats)*

23. The allegations in paragraphs 2 through 22 are incorporated by reference.

24. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "One cop or police report she's done. Goal is close to 20,000 as you can".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 7
*(Interstate Threats)*

25. The allegations in paragraphs 2 through 24 are incorporated by reference.

26. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "My contact will be here in 12 hours to buythensex slaves. You got till then. No marked bills or anything over a 50".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 8
### (*Interstate Threats*)

27. The allegations in paragraphs 2 through 26 are incorporated by reference.

28. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Hurry up or she will be sold soon".

In violation of Title 18, United States Code, Section 875(c).


The Grand Jury further charges:

## COUNT 9
### (*Interstate Threats*)

29. The allegations in paragraphs 2 through 28 are incorporated by reference.

30. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Your daughter will be sold soon if your not on the fucking road. She's n Ohio at a safe house so hurry".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 10
*(Interstate Threats)*

31. The allegations in paragraphs 2 through 30 are incorporated by reference.

32. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "She will be missing fingers and toes if you don't hurry le fuck up".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 11
*(Interstate Threats)*

33. The allegations in paragraphs 2 through 32 are incorporated by reference.

34. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Ok I'm going to start removing toes if not answer".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 12
*(Interstate Threats)*

35. The allegations in paragraphs 2 through 34 are incorporated by reference.

36. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Drop the money and go to exit 117 and I tell you where she is safe. If you don't then she's fucked. No more arguing. If you don't you just killed your daughter end of discussion".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 13
*(Interstate Threats)*

37. The allegations in paragraphs 2 through 36 are incorporated by reference.

38. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication

contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "He has 5 minutes to do it or I send video of me gutting her like a fish. No more of his games. He just signed her death warrant if he doesn't stop".

In violation of Title 18, United States Code, Section 875(c).

The Grand Jury further charges:

## COUNT 14
### (*Interstate Threats*)

39. The allegations in paragraphs 2 through 38 are incorporated by reference.

40. On or about January 29, 2019, in the Western District of Kentucky, Bullitt County, and elsewhere, the defendant, **BRYAN DOUGLAS CONLEY**, knowingly and willfully transmitted communications in interstate commerce from the Commonwealth of Kentucky to Tennessee, and through Apple data processing servers located outside of Kentucky, and the communication contained a threat to kidnap and injure R.W. that was sent to the parents of R.W., to wit: **BRYAN DOUGLAS CONLEY** sent the following iMessage, "Your husbands going to get her killed playing his games. He's fucked around for 6 hours now. For every 30 he's late now I remove a body part. Fore every time I message you and no response same".

In violation of Title 18, United States Code, Section 875(c).

## NOTICE OF FORFEITURE

41. As a result of committing offenses in violation of Title 18, United States Code, Sections 2421, 1201(a), 1344, 1028A, and 875(c), as alleged in Counts 1 through 14 of this Indictment, felonies punishable by imprisonment for more than one year, the defendant, **BRYAN DOUGLAS**

**CONLEY**, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, Title 18, United States Code, Section 2428, and Title 28, United States Code, Section 2461, any and all property constituting, or derived from, proceeds defendant obtained, directly or indirectly, as a result of the violations alleged in Counts 1 through 14 of this Indictment, including but not limited to the following:

A 2014 Ford Taurus, VIN 1FAHP2D89EG147917

A TRUE BILL.

███████████████████
FOREPERSON

*Russell M. Coleman* (signature)
RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RMC:JDJ

UNITED STATES OF AMERICA v. **BRYAN DOUGLAS CONLEY**
## PENALTIES

Count 1:  NM 10 yrs/ $250,000/both/ NL 5 yrs to Life Supervised Release.
Count 2:  NM Life/ $250,000/both/ NM 3 Supervised Release.
Count 3:  NM 30 yrs/$1,000,000/both/NM 5 yrs Supervised Release.
Count 4:  2 yrs consecutive/$250,000/both/NM 1 yrs Supervised Release.
Counts 5-14:  NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.  3:19CR-19-CRS

# UNITED STATES DISTRICT COURT
Western District of Kentucky
At Louisville

## THE UNITED STATES OF AMERICA

vs.

### BRYAN DOUGLAS CONLEY

## SECOND SUPERSEDING INDICTMENT

**Count 1**
*Interstate Transportation for Prostitution*
18 U.S.C. §2421(a)

**Count 2**
*Kidnapping By Inveigle and Decoy*
18 U.S.C. §1201(a)(1)

**Count 3**
*Bank Fraud*
18 U.S.C. §1344

**Count 4**
*Aggravated Identity Theft*
18 U.S.C. §875(c)

**Counts 5-14**
*Interstate Threats*
18 U.S.C. §875(c)

**Forfeiture**

*A true bill.*

*Foreperson*

*Filed in open court this 18th day of September, 2019.*

**FILED**
VANESSA L. ARMSTRONG, CLERK

SEP 18 2019     *Clerk*

*Bail, $*

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY