UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| vs. | **CRIMINAL ACTION NO. 3:19-CR-19-CRS** |
| **BRYAN DOUGLAS CONLEY** | **DEFENDANT** |

## ORDER DIRECTING PSYCHIATRIC EXAM

On March 20, 2020 and March 26, 2020, the court received letters from the defendant, Bryan Douglas Conley. Conley's bond was revoked, and he is currently being held in the Grayson County Detention Center. He is represented by CJA appointed counsel Jennifer H. Culotta.

These letters[1] to the court have raised substantial doubt as to the defendant's capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. *See Carter v. Bogan*, 900 F.3d 754, 769 (6th Cir. 2018), *cert. denied*, 140 S.Ct. 56 (2019). Under 18 U.S.C. §4241, the district court "has not only the prerogative, but the duty to inquire into a defendant's competency" when the court finds reasonable cause to question. *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989).

While the first three paragraphs of the March 20, 2020 letter appear to merely recount the progress of his case and concerns that his counsel has not been responsive in moving his case to disposition, the remaining paragraphs digress into matters of "inmates and guards talking about and sending out bomb threats," being assaulted, not being allowed to talk to the FBI or Marshals, and his writing to several senators and Representative Yarmuth, but receiving no response in regard to these matters. In the March 26, 2020 letter, Conley recounts a guard telling him that "one of the Louisville DA's are sending out bomb threats," and states "I do not want a prosecuter [sic] involved in my case if hes [sic] sending out threats." He then states that he was informed that he was "under investigation by the Washington DC Police for sending threats," and that "yet

---

[1] The letters are filed in the record of this case.

through all of this I have not been charged." He has clearly been charged in this case. The letter appears to confuse his case in this court with other matters for which he has been denied access to the FBI and his lawyer. He then talks about withholding of his legal mail, that he has had "garbage lawyers," and "cannot be safe while in jail" in Grayson County Detention Center. The court finds that these statements raise substantial doubt in the mind of this judge as to defendant's present competency.

Therefore, the Court, on its own motion, and without objection, seeks to determine the mental competency of the defendant.

**IT IS HEREBY ORDERED** that defendant be, and he hereby is, committed to the custody of the Attorney General for a period not to exceed thirty days for placement in a suitable facility for psychiatric or psychological examination and that he be examined by a licensed or certified psychiatrist or psychologist employed by the United States at the expense of the United States.

**IT IS FURTHER ORDERED** that said licensed or certified psychiatrist or psychologist shall prepare and file with the Court, defense counsel, and the government, a written report that includes:

a) defendant's history and present symptoms, if any;

b) a description of the psychiatric, psychological, and medical tests that were employed, and their results;

c) the examiner's findings;

d) the examiner's opinions as to diagnosis and prognosis; e) an opinion whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

**IT IS FURTHER ORDERED** that the competency evaluation ordered herein is restricted to addressing the question of whether defendant is currently suffering from a mental disease or defect rendering him mentally incompetent to stand trial to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The government is prohibited from using any information derived from this

examination for any purposes other than addressing the competence of defendant to stand trial.

**IT IS FURTHER ORDERED** that the psychiatrist or psychologist conducting the competency examination ordered herein shall forward a copy of his or her competency report to the Court and send copies of same to Jennifer H. Culotta, 815 E. Market Street, New Albany, IN 47150, and Joshua D. Judd, Assistant United States Attorney, 717 West Broadway, Louisville, Kentucky 40202.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C.§3006A(e) and 18 U.S.C. § 3006(f), that payment for the services ordered herein be, and the same hereby is, authorized.

**IT IS FURTHER ORDERED** that the United States Marshal for the Western District of Kentucky make arrangements for transporting the defendant to and from facility and arranging for the defendant to be examined as ordered above.

March 27, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:   United States Attorney
      United States Marshal
      Counsel for Defendant