UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:19-CR-00019-BJB-1

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**VS.**

**BRYAN DOUGLAS CONLEY**                                                             **DEFENDANT**

## ORDER

This matter is before the Magistrate Judge by order of the District Court (DN 81) to consider the competency of the Defendant, Bryan Douglas Conley ("Conley"), to stand trial on charges as outlined in the Indictment (DN 11).

On February 20, 2019, a federal grand jury seated in the Western District of Kentucky returned a 10-count Indictment against Conley charging him with Interstate Threats pursuant to 18 U.S.C. § 875(c). (*Id.*). On March 30, 2020, the District Court entered an Order pursuant to 18 U.S.C. § 21 *sua sponte* directing that Conley undergo a psychiatric exam to determine his ability to understand the nature of the proceedings against him and to assist in preparing his defense. (DN 58). The Order was entered following the Court's receipt of correspondence written by Conley which raised concerns about his mental fitness. Following receipt of the psychological evaluation and report conducted by the Federal Bureau of Prisons (DN 72, sealed), the United States and Conley jointly requested the matter be scheduled for a status conference concerning the issue of Conley's mental competency (DN 80).

On July 28, 2021, the undersigned conducted a hearing on Conley's competency to stand trial in the matter.[1] Appearing on behalf of the United States was Assistant United States Attorney

---

[1] Although the undersigned indicated during the competency hearing that she might be issuing a report and recommendation as to her competency determination, it is within the undersigned's authority to enter an order on this non-dispositive motion. *See United States v. Heth*, 338 F. App'x 489, 496-97 (6th Cir. 2009) (Unpub.); *United States v. Cooper*, 106 F. App'x 967 (6th Cir. 2004) (Unpub.).

Joshua D. Judd. Defendant Bryan Douglas Conley was present during the hearing and represented by appointed counsel John N. Miller. The United States proffered the evaluation report from Dr. Shirley Franco and Dr. Carmen J. Rodriguez, at the Federal Detention Center in Miami, Florida, to support its contention that Conley has sufficient mental competency to stand trial. Based on interviews with Conley, review of Conley's correspondence and monitored phone calls during the examination period, observation of his behavior, and a battery of competency-related testing, Dr. Franco and Dr. Rodriguez opined that Conley does not currently have a mental disease or defect which would interfere with his ability to understand the legal and courtroom procedures or properly assist in his defense. (DN 72).

During the hearing, Conley stipulated to the findings in psychiatric report and declined to present any additional evidence or information on the issue. The Court asked Mr. Miller if Conley is indeed able to assist in the defense of his case, to which Mr. Miller responded affirmatively. Mr. Miller further indicated that he sought an additional psychiatric review within the past two months and that review concurred with the findings in Dr. Franco's and Dr. Rodriguez's report submitted to the Court. Counsel for Conley declined to present this second report to the court.

In accordance with 18 U.S.C. § 4247(b), Conley has undergone a psychological examination by a licensed or certified psychologist. The examiners, Dr. Franco and Dr. Rodriguez, prepared a report, containing the information required by § 4247(c). A hearing has been conducted in accordance with § 4247(d), at which Conley appeared and was represented by counsel. Under 18 U.S.C. § 4241(d), the Court must determine whether, by a preponderance of the evidence, "that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." In light of both parties stipulating

to the competency evaluation, and the undersigned's observation of Conley during the competency hearing, the Court finds the United States has satisfied its burden of proof as to Conley's ability to stand trial in this action. The matter should proceed accordingly.

**IT IS SO ORDERED.**

Regina S. Edwards, Magistrate Judge
United States District Court

August 12, 2021

Copies:   Counsel of Record

0|10