UNITED STATES DISTRICT COURT
WESTER DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.

BRYAN DOUGLAS CONLEY,

    Defendant.

Case No. 3:19-CR-00019-DJH-RSE

*Electronically Filed*

_____

# MOTION TO SEVER
_____

Comes now Defendant Bryan Douglas Conley, by and through counsel, and, pursuant to Federal Rules of Criminal Procedure 8(a) and 14, hereby moves this Court to sever Count 1 from all other charges in the Second Superseding Indictment. For support, Mr. Conley states as follows:

## I. BACKGROUND AND CHARGES

Count 1 charges Mr. Conley with interstate transportation for prostitution in violation of 18 U.S.C. § 2421(a). According to the Second Superseding Indictment, this conduct occurred on or about November 8, 2018 through November 12, 2018, when Mr. Conley "knowingly transported, and attempted to transport, a person, female 1, in interstate commerce with intent that the individual engage in prostitution and in sexual activity for which any person can be charged with a criminal offense."

The remainder of the Second Superseding Indictment, that is Count 2 through Count 14, charges Mr. Conley with a variety of offenses related to conduct that occurred on or about January 26, 2019, through January 30, 2019, surrounding an alleged kidnapping offense. Count 2 charges Mr. Conley with kidnapping an individual identified as R.W. by inveigle and decoy, in violation of 18 U.S.C. § 1201(a)(1). Count 3 charges Mr. Conley with bank fraud (18 U.S.C. § 1344) and Count

4 charges Mr. Conley with aggravated identity theft (18 U.S.C. § 1028A), both of which relate to Mr. Conley's alleged improper use of R.W.'s USAA credit or debit card. Counts 5-14 charge Mr. Conley with interstate threats, in violation of 18 U.S.C. § 875(c). These charges relate to text messages that Mr. Conley allegedly sent to R.W.'s parents during the alleged kidnapping charged in Count 1. None of the conduct charged in Counts 2-14 overlap with, or involve, the same witnesses as, the conduct charged in Count 1.

Because Count 1 is improperly joined with Counts 2 - 14 under Fed. R. Crim. R. 8(a), and because one trial on these distinctly separate occurrences, involving distinctly different conduct, with distinctly different evidence and witnesses undoubtedly would cause actual prejudice to Mr. Conley, the Court should sever Count 1 from all other charges in the Second Superseding Indictment.

**II.    ARGUMENT**

    A.    *The Second Superseding Indictment improperly joined Count 1 with Counts 2 - 14, pursuant to Fed. R. Crim. P. 8(a).*

Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of two or more charges in one indictment, "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "[F]ailure to meet the requirements of this rule constitutes misjoinder as a matter of law." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (citations omitted). Where joinder of multiple offenses does not comport with Fed. R. Crim. P. 8(a), "the district court has no discretion on the question of severance." *Id.* "Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment." *Id.* at 457.

Here, Count 1 of the Second Superseding Indictment charges Mr. Conley with interstate transportation for prostitution in early November 2018. No other charge in the fourteen count indictment has any relation to the conduct charged in Count 1. Mr. Conley does not argue that

2

Counts 2 - 14 are improperly joined together because, as the face of the indictment shows, those charges relate to a separate date range, involving a separate alleged victim. Nothing on the face of the indictment supports joinder of Count 1 with Counts 2 - 14.

Because the indictment improperly joined Count 1 with Counts 2 - 14, the Court has no discretion with regard to severance, and Count 1 must be severed from Counts 2-14.

> B. *Pursuant to Fed. R. Crim. P. 14, Count 1 should be severed from Counts 2 - 14 for the additional reason that one trial would result in compelling, specific, and actual prejudice to Mr. Conley.*

Rule 14 of the Federal Rules of Criminal Procedure provides that if the joinder of offenses in an indictment "appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). In considering a Rule 14 motion, courts must balance "the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial. *United States v. Wirsing*, 719 F.2d 859, 864-65 (6th Cir. 1983). The Sixth Circuit has acknowledged that joinder is appropriate "when the joined counts are logically related, and there is a large area of overlapping proof." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001); *Wirsing*, 719 F.2d at 863.

> 1. Mr. Conley would suffer compelling, specific, and actual prejudice if required to stand trial for Count 1 at the same time as Counts 2-14.

Here, the compelling, specific, and actual prejudice Mr. Conley faces in a trial joining Count 1 with Counts 2-14 is that the jury will hear unrelated and highly prejudicial testimony on the separate offenses / occurrences. A jury considering the evidence on Counts 2-14 would juxtapose such evidence with the offense charged in Count 1; once heard, the jury could not un-hear the testimony and evidence. The conduct underlying Count 1 and Counts 2-14 undeniably involve sexual conduct. Count 1 (interstate transportation for prostitution) has an element requiring

3

evidence of sexual conduct; Counts 2-14 (kidnapping, bank fraud, aggravated identity theft, and interstate threats) do not require a showing of sexual conduct.  Based on the discovery provided to date, the background information related to Counts 2-14 also involve sexual conduct, even though none of that conduct is charged and there is no allegation of non-consent.  Thus, while Count 1 contains an element of proof relating to illegal sexual conduct, Counts 2-14 do not.  Nevertheless, a jury hearing evidence of sexual conduct associated with the kidnapping offenses (Counts 2-14), even though not an element of kidnapping, bank fraud, aggravated identity theft, or interstate threats, could not be expected to separate out that evidence when considering the evidence related to the interstate transportation for prostitution charge (Count 1).

Therefore, Mr. Conley moves the Court to sever Count 1 from Counts 2-14 so that he is not subjected to the actual prejudice outlined above.

        2.        The interests of Mr. Conley obtaining a fair trial greatly outweigh the interests of the interests of the public in avoiding a multiplicity of litigation.

Trial courts, when considering whether to sever charges, are charged with weighing "the interests of the public in avoiding a multiplicity of litigation against the defendant's interest in obtaining a fair trial." *See Wirsing*, 719 F.2d at 864-65.  Here, Count 1 carries a maximum possible sentence of no more than 10 years.  18 U.S.C. § 2421. Counts 2-14, on the other hand, carry a maximum potential sentence of life plus two years.[1]  *See* 18 U.S.C. § 1201(a) and 18 U.S.C. § 1028A.  Notwithstanding the fact that any criminal defendant should be afforded a fair trial, the penalties at play in this case are so great that the Court should pay close attention to ensure fairness in the process.

---

[1] A maximum potential sentence of life plus two years accounts for a potential life sentence for (Count 2) kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and a two-year consecutive sentence for (Count 4) aggravated identity theft, in violation of 18 U.S.C. § 1028A.  The life-plus-two-years sentence also assumes any sentence received for a conviction of (Count 3) bank fraud, in violation of 18 U.S.C. § 1344, and/or (Counts 5-14) interstate threats, in violation of 18 U.S.C. § 875(c), would run concurrently to any sentence imposed for a conviction for kidnapping, pursuant to 18 U.S.C. § 3584.

On the other hand, the public would not be prejudiced by a multiplicity of litigation by the Court's severance of Count 1 from Counts 2-14. Here, the charged conduct for Count 1 occurred several months before the conduct charged in Counts 2-14. Additionally, the witnesses and alleged victims involved in Count 1 are completely separate and distinct from the witnesses and alleged victims of Counts 2-14. Moreover, the elements of the offense charged in Count 1 do not overlap, at all, with the elements of the offenses charged in Counts 2-14. The only similarity between the conduct charged in Count 1, and the conduct charged in Counts 2-14, is the allegation that Mr. Conley met the two alleged victims through use of the same dating app, Plenty of Fish. Simply put, the joined counts are not logically related, and there is a no area of overlapping proof -- much less a large area of overlapping proof -- as the Sixth Circuit has articulated as necessary for the joinder of charges.

Because, here, the interests of Mr. Conley in receiving a fair trial greatly outweighs the public's interest in avoiding a multiplicity of litigation, the Court should sever Count 1 from Counts 2-14.

## III. CONCLUSION

For all of the reasons outlined above -- because standing trial on Count 1 at the same time as standing trial on Counts 2-14 would cause Mr. Conley to endure compelling, specific, and actual prejudice; because Count 1 is not logically related to Counts 2-14; because there is no large area of overlapping proof between what can be offered on Count 1 and Counts 2-14; and because Mr. Conley's interest in obtaining a fair trial greatly outweighs the public's interest in avoiding a multiplicity of litigation -- the Court should sever Count 1 from all other charges contained in the Second Superseding Indictment. In the alternative, the Court should bifurcate Count 1 from Counts 2-14. Either way, whether severed or bifurcated, Mr. Conley would request that Counts 2-14 be tried before Count 1.

5

Respectfully submitted,

*/s/ Joshua F. Barnette*
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY 40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*


**CERTIFICATE OF SERVICE**

I hereby certify that on 27th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


*/s/ Joshua F. Barnette*
Joshua F. Barnette