# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| vs. | CRIMINAL ACTION NO. 3:19-cr-00019-DJH |
| BRYAN DOUGLAS CONLEY | DEFENDANT |

## RESPONSE TO MOTION FOR SEPARATE TRIALS

## ELECTRONICALLY FILED

The United States opposes the defendant's Motion for Separate Trials in which he requests Count 1 be severed from Counts 2 through 14. The Court should deny the defendant's motion because Count 1 is properly joined with Counts 2 through 14 and because the defendant failed to show actual prejudice by the joinder.

Count 1 is properly joined with Counts 2 through 14 because it is of the same or similar character and is connected with or constitutes parts of a common scheme or plan as Count 2. In addition, the defendant is not prejudiced from the joinder because the evidence supporting Count 1 would be admissible in a separate trial of Counts 2 through 14. Therefore, his motion should be denied.

## BACKGROUND

Beginning in November 2018, the defendant, Bryan Douglas Conley, used aliases and an online dating application, Plenty of Fish ("POF"), to lure and mislead victims for sexual activity. He then used his vehicle to transport these victims interstate.

Conley was indicted by a second superseding Indictment on September 18, 2019 in the Western District of Kentucky. DN 45. Count 1 charged him with a violation of the Mann Act (18 U.S.C. Section 2421(a)) in which the defendant transported a minor victim between

November 8 to November 12, 2018 interstate with the intent the minor victim engage in prostitution. Count 2 charged Kidnapping by Inveigle and Decoy (18 U.S.C. Section 1201(a)(1) of a second victim in late January 2019. Conley was also charged with Bank Fraud (18 U.S.C. 1344), Aggravated Identity Theft (18 U.S.C. 1028A), and ten counts of Interstate Threats (18 U.S.C. 875(c) relating to text message threats sent to the second victim's elderly parents with ransom demands, all of which occurred during the course of the kidnapping.

Relating to Count 1, the defendant, beginning on or about November 8, 2018 contacted A.Y. using POF. The defendant posed as a fictious person named, "Bryant." In addition to posing as a fictious person, the defendant lied to and misled A.Y. claiming that "Bryant" owned a business, had a mansion, and wanted a "sugar relationship" in that he would take care of A.Y. in exchange for sexual activity. On or about November 10, 2018, the defendant drove to A.Y.'s residence in central Ohio and represented that he was going to transport the victim from Ohio to Memphis, TN, to be with "Bryant;" he never did. He offered various excuses as to why he could not bring her to "Bryant." After the defendant picked up A.Y., he offered her money in exchange for sexual activity with himself and others. He transported A.Y. from Ohio, then to Kentucky, next to Tennessee, and ultimately abandoned A.Y. in Texas at a gas station, after he stole her purse and phone. During the travel, the defendant repeatedly engaged in sexual activity with the minor victim offering her money and promises of money from "Bryant" to engage in sexual activity with him or others.

Relating to Count 2 and only 69 days later in January 2019, Conley again posed as a fictitious person on POF, this time as "Lance," when he contacted R.W. In addition to posing as a fictious person, the defendant lied to and misled R.W. claiming that "Lance" was a modeling agent. The defendant met with R.W. several times. During those occasions, the defendant, under the ruse he was helping modeling agent "Lance," took clothed, nude, and sexual photos of her

and engaged in sexual activity. On the final occasion and like he did with the A.Y. nearly two months prior, the defendant picked up R.W. and told her he would transport her to meet the fictitious person "Lance;" he never did. He offered various excuses as to why he could not bring her to "Lance." Instead, the defendant stole R.W.'s purse and wallet then bound at her legs, feet, and gaged with rope, and transported her interstate. During the travel, the defendant used R.W.'s cellular telephone to communicate that he kidnapped R.W. and directed R.W.'s mother to pay a ransom of $20,000 to ensure R.W.'s safe release. R.W.'s mother contacted law enforcement and the next day the FBI arrested the defendant when he attempted to pick up the ransom funds.

## **ARGUMENT**

Count 1 is properly joined with Count 2, and thereby Counts 3-14, because the offenses are of the same or similar character or are connected with or constitute parts of a common scheme or plan. In addition, the defendant is not prejudiced by the proper joinder because the evidence supporting Count 1 would be admissible in the trial of Count 2 and vice versa in accordance with Federal Rule of Evidence 404(b).

The Federal Rules of Criminal Procedure permit indictments to include two or more offenses against a defendant.

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Rule 8(a) is supposed "to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983). Rule 8(a) permits liberal joinder of counts as long as the counts have a "logical relationship." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir.2005).

3

However and even if counts are properly joined, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). A district court's severance ruling can only be disturbed on appeal by a showing the trial judge abused his discretion, which requires a strong showing of prejudice. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006). "The movant must prove that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." *Id* (citing *Zafiro v. United States*, 506 U.S.534, 539 (1993)).

Nonetheless, a clear and substantial public interest exists in holding consolidated trials. The law is well-settled that "defendants are not entitled to a severance merely because they might have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). Rather, "[t]he district court may, to the extent it is consistent with due process principles, construe [Rule 8(a)] broadly to 'promote the goals of trial convenience and judicial efficiency.'" *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983)). Consolidated trials afford defendants with prompt trials, they conserve the Court's time, they reduce congestion of trial dockets, and they lessen the burden on citizens who must sacrifice both time and money to serve as witnesses. Consolidated trials also avoid duplication, conserve public funds, and diminish inconvenience to everyone involved in the trial of a criminal case.

**A. Count 1 is properly joined with Count 2 because the offenses are of the same or similar character or are connected with or constitute parts of a common scheme or plan.**

Counts 1 and 2 are offenses of the same or similar character or are connected with or constitute parts of a common scheme or plan. Between November 8, 2018 and January 27, 2019 and on two separate occasions, the defendant used POF to create fictitious persons ("Bryant" and

4

"Lance") to deceive female victims (A.Y. and R.W.) in order to transport them interstate and perform sexual activity. Counts 1 and 2 are of the same or similar character because both Count 1 (18 U.S.C. § 2414) and Count 2 (18 U.S.C. § 1201(a)(1)) necessitate the unlawful transportation of another in interstate commerce. "Under Rule 8(a), Federal Rules of Criminal Procedure, joinder of offenses is ordinarily appropriate where, as here, the specific counts refer to the same type of offenses, occurring over a relatively short period of time, and the evidence as to each count of necessity overlaps." *Johnson v. United States*, 356 F.2d 680, 684 (8th Cir. 1966) (no severance for five counts charging violation of the Mann Act of interstate transportation of females for prostitution over a four month period).

Counts 1 and 2 are connected with or constitute parts of a common scheme or plan because the defendant used the same manner in means to commit both offenses – creating fictious persons, using POF to meet the victims, lying to the victims about the fictious persons, lying to the victims that the defendant would transport the victims to meet the fictitious persons, generally and committing these acts to seek sexual activity with the female victims. In *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001), the Court properly permitted the joinder of two counts charging kidnapping, in violation of 18 U.S.C. § 1201, for two separate abductions of the defendant's spouse because the abductions were part of a common scheme.

**B. The defendant is not prejudiced by the joinder of Count 1.**

Joinder of Count 1 with the remaining counts does not "appear to prejudice the defendant." Fed. R. Crim. P. 14(a). To prevail on a severance motion, "a defendant must show compelling specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). The defendant cannot meet this heavy burden because the evidence supporting Count 1 would be admissible in separate trial for

Counts 2-14 in accordance with Federal Rule of Evidence 404(b). Therefore, if the evidence of Count 1 would be presented in a separate trial for Counts 2-14, then the defendant cannot be prejudiced by joinder.

Rule 404(b) allows evidence of other acts to prove relevant facts other than the defendant's character." Fed. R. Evid. 404(b). The rule provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such "evidence may be admissible for another purpose," however, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Trial courts employ a three-part test to determine the admissibility of 404(b)(2) evidence. *See United States v. Mack,* 729 F.3d 594, 601 (6th Cir.2013). First, a court determines whether there is sufficient evidence that the crime, wrong, or other act took place. *See id.* Second, it decides whether evidence of that conduct is offered for a proper purpose, *i.e.,* "whether the evidence is probative of a material issue other than character." *Id.* Third, the court considers whether any risk of unfair prejudice substantially outweighs the evidence's probative value.

Here, the evidence is not offered to prove conformity, but rather to show identity, modus operandi, and common plan or scheme. The defendant's conduct related to Count 1 is sufficiently similar to the charged crimes to establish the defendant's pattern, modus operandi, or "signature." *United States v. Allen*, 619 F.3d 518, 524 (6th Cir.2010). Count 1 and Count possess common features that make it very likely the offenses were perpetrated by the same person. But the crimes need not "be identical in every detail." *United States v. Perry*, 438 F.3d 642, 648 (6th Cir.2006) (quoting *United States v. Hamilton*, 684 F.2d 380, 385 (6th Cir.1982)).

**C. The Court could consider a limiting instruction to the jury.**

If the Court determines there is a risk of prejudice, the Court can include a limiting instruction or include a number of cautionary statements in its instructions to the jury to reduce the possibility of prejudice with respect to a joint trial. *Cf. Zafiro,* 506 U.S. at 540, 113 S.Ct. 933. Here however, the proof at trial would not be complicated or complex, and the nature of the offenses and the evidence is of such a character that the parties and the Court could reasonably expect a jury to make separate and intelligent evaluations of the evidence as it applies to the charges. *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001).

## **CONCLUSION**

This Court, accordingly, should deny the defendant's motion sever Count 1 from the remaining counts because the counts were properly joined and because the joinder does not prejudice the defendant.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


 s/Joshua Judd_____
Joshua Judd
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5911

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 10, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the counsel for Bryan Conley.

             s/Joshua Judd
             Joshua Judd
             Assistant U.S. Attorney