UNITED STATES DISTRICT COURT
WESTER DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BRYAN DOUGLAS CONLEY, <br><br> Defendant. | Case No. 3:19-CR-00019-DJH-RSE <br><br> *Electronically Filed* |

**REPLY BRIEF IN SUPPORT OF MOTION TO SEVER**

In its responsive briefing, the Government attempts to connect Count 1 with Counts 2-14 by narrating a series of factual allegations not found in the Second Superseding Indictment. But Sixth Circuit precedent requires Count 1 to be severed from Counts 2-14 because the Government failed to establish such a connection *on the face* of the indictment. And, even if the Government's narration were to be considered in determining whether joinder was proper in the first instance under Fed. R. Cr. P. 8(a), which it should not be, Fed. R. Cr. P. 14 justifies severance due to the compelling, specific, and actual prejudice Mr. Conley would suffer if Count 1 were tried with Counts 2-14.

**I. Fed. R. Cr. P. 8(a) requires severance because the face of the Second Superseding Indictment does not establish a connection between Count 1 and Counts 2-14.**

As stated in Mr. Conley's motion to sever, the Sixth Circuit has held that whether joinder under Fed. R. Crim. P. 8(a), in the first instance, is proper is to be determined on the face of the indictment. *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002). The Government does not address this fact and, instead, completely fails to articulate how – on the face of the

indictment – joinder of Count 1 with Counts 2-14 was proper. As *Chavis* counsels, where joinder does not comport with Fed. R. Cr. P. 8(a), as determined by a four-corners analysis of the indictment, "the district court has no discretion on the question of severance." *Id.* at 457. Thus, for this reason alone, severance is the proper remedy in this case.

Instead of arguing joinder was proper under a four-corners analysis, the Government sets forth a litany of factual allegations[1] not found in the Second Superseding Indictment in arguing that joinder was proper under Fed. Crim. R. 8(a) "because the offenses are of the same or similar character or are connected with or constitute parts of a common scheme or plan." (R. 135 at 2, 4-5.) According to the Government, these factual allegations underlying Count 1 mirror conduct underlying Counts 2-14. (R. 135 at 2-3.) But the Government's attempt to establish a connection by way of including this narration of events in its Response is improper because, as already stated, "[w]hether joinder was proper under Rule 8(a) is determined by the allegations *on the face* of the indictment." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (emphasis added).

In its entirety, Count 1, according to the Second Superseding Indictment, alleges:

On or about November 8, 2018 through November 12, 2018, in the Western District of Kentucky, Oldham County, and elsewhere, the defendant Bryan Douglas Conley, knowingly transported, and attempted to transport, a person, female 1, in interstate commerce with the intent that the individual engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

(R. 45 at 1.) That is all the Second Superseding Indictment says about the allegations set forth in Count 1. Conversely, the remaining thirteen counts in the indictment allege a range of offenses

---

[1] One of the factual allegations outlined by the Government in its Response is that the female involved with Count 1 was a minor,(R. 135 at 1-2), which is not ascertainable from the face of the Indictment, but certainly highlights why Mr. Conley, under Fed. R. Cr. P. 14(a), would suffer compelling, specific, and actual prejudiced if all counts are tried together.

2

from kidnapping, to bank fraud, to aggravated identity theft, to making interstate threats. *Id.* at 2-13. And, unlike the bare-bones pleading style used in drafting Count 1, the Second Superseding Indictment includes a detailed set of factual allegations spanning four pages in an attempt to support the offenses charged in Counts 2-14.

The Government's attempt to justify joinder of Count 1 with Counts 2-14 simply cannot pass a four-corners analysis. The factual allegations set forth in the Government's Response, because omitted from the charged conduct articulated in the indictment, cannot be considered when determining whether joinder was proper in the first instance under Fed. R. Cr. P. 8(a). The analysis stops here, and the Court must, under *Chavis*, sever Count 1 from Counts 2-14.

## II. The Government's reliance on *Johnson* and *Jacobs* is misplaced.

The Government relies on *Johnson v. United States*, 356 F.2d 680 (8th Cir. 1966) and *United States v. Jacobs*, 244 F.3d 503 (6th Cir. 2001) to support its argument that Count 1 is properly joined, under Rule 8(a), with Counts 2-14. (R. 135 at 5.) In *Johnson*, all five counts in the indictment were for a violation of the Mann Act, 18 U.S.C. § 2421. *Johnson*, 356 F.2d at 681. "The indictment alleg[ed] the transportation of various females for the purposes of prostitution, debauchery and other immoral purposes" over a four-month period. *Id.* at 681-82. Necessarily, because all offenses charged were the same, the Government needed to prove the same elements with regard to each count even if the victims were different and the events occurred on separate dates. That is distinct from the case at bar, where none of the charged offenses are the same and none of the elements involved with Count 1 of the Second Superseding Indictment need be proven in trying the offenses charged in Counts 2-14, and vice versa.

In *Jacobs,* the question was whether joinder was appropriate for charges relating to a Tennessee abduction event with charges relating to an Indiana abduction event, both of which involved the defendant's wife as the victim and both of which were spurred by the defendant's

3

wife filing criminal charges against the defendant.[2] *Jacobs*, 244 F.3d at 505-506. The facts of *Jacobs* are inapposite to the facts involved with the instant case. Here, the alleged victim of Count 1 is not the same alleged victim for Counts 2-14, which is clear from the face of the indictment, and there is no suggestion that the allegations related to Count 1 and Counts 2-14 were spurred by any common occurrence. Furthermore, there are no overlapping charges wherein the elements involved with Count 1 are the same as the elements involved in Counts 2-14, as was the case in *Jacobs*. Simply put, the Government's reliance on *Johnson* and *Jacobs* is misplaced.

**III.   The Government's F.R.E. 404(b) argument does not correct the misjoinder.**

The Government attempts to correct the misjoinder of Count 1 with Counts 2-14 by arguing that the evidence supporting Count 1 would come in to a trial on Counts 2-14, and vice versa. (R. 135 at 5-6.) The Government uses this argument in an attempt to overcome the prejudicial factor of Fed. R. Cr. P. 14(a). However, that argument is misplaced, and the Government has pointed to no authority to suggest evidence admissible under F.R.E. 404(b), if that would even occur here, automatically corrects a misjoinder under Fed. R. Crim. P. 8(a).

Furthermore, admissibility under 404(b) is mere speculation at this point. The Government predicts that factual allegations, in whole or in part, set forth in its Response supporting Count 1would come in during a trial on Counts 2-14, and vice versa, but it cannot say with certainty that this true. This is not a 404(b) hearing and, while the Government's 404(b)

---

[2] The Government incorrectly states that *Jacobs* ruled on the joinder of two kidnapping charges under 18 U.S.C. 1201. (R. 45 at 5.) However, the defendant in *Jacobs* was challenging the joinder of a Tennessee abduction event, which charged kidnapping, interstate domestic violence and causing the crossing of state line, use of a deadly weapon during a crime of violence, and interstate violation of protective order, with a separate and distinct Indiana abduction event, which charged interstate domestic violence and crossing of state line, possession of a firearm while subject to a court order, and use of deadly or dangerous weapon during a crime of violence. Both events involved the defendant's wife as the victim and both events were spurred by the defendant's wife filing criminal charges against the defendant.

4

admissibility argument is not baseless, litigation has yet to commence on the admissibility of any evidence, and admissibility is an entirely different question than guilt.

**IV.     Fed. R. Cr. P. 14 also requires severance because Mr. Conley would suffer compelling, specific, and actual prejudice if tried on all counts at the same time.**

Although severance is mandated under Rule 8(a), severance is also warranted under Fed. R. Crim. P. 14(a), because Mr. Conley would suffer compelling, specific, and actual prejudice if all counts were tried together. *See United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). The Government seems to acknowledge, by virtue of its 404(b) argument, that the factual allegations supporting Count 1 would tend to sway the jury in considering Mr. Conley's guilt on Counts 2-14, irrespective of any admissibility arguments the defense might assert in seeking to exclude such 404(b) evidence. This acknowledgement, in and of itself, supports a finding that Mr. Conley would endure prejudice if forced to stand trial on all counts at once.

Joinder is appropriate "when the joined counts are logically related, and there is a large area of overlapping proof." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001); *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983). Here, there simply is no large area of overlapping proof. The Government contends that Mr. Conley meet each of the females through a dating app, but as far as elemental proof, there are no similarities. The Government would necessarily have to prove some illegal sexual conduct related to Count 1, but such evidence is not required for Counts 2-14, though it is alleged that Mr. Conley had sexual relations with the female involved with Counts 2-14. Further, the kidnapping in Count 2 requires proof the Mr. Conley inveigled or decoyed himself in carrying away the female, which is not required for Count 1, but which the Government alleges in its factual allegations supporting Count 1. As articulated in the Motion, a jury hearing evidence of sexual conduct associated with a kidnapping offense, even though not an element of kidnapping, could not be expected to separate out that

5

evidence when considering the evidence related to an interstate transportation for prostitution charge, where sexual conduct is an element of the offense. The compelling, specific, and actual prejudice Mr. Conley would suffer is evidenced by the Government's own recitation of factual allegations in the Response.

**V.      A limiting instruction where the prejudicial evidence is purposely being introduced is insufficient to cure the prejudice.**

In a last ditch effort to permit it to try Count 1 with Counts 2-14, the Government asks the Court to give a limiting instruction in order to, somehow, have the jury limit the consideration of prejudicial evidence. The Government's Response is unclear how such an instruction would be given, how such an instruction would be worded, and, most importantly, how it would cure the prejudice. This would not be an instance in where the introduction of evidence would be a mere accidental blurting out improper evidence, *see United States v. Forrest*, 17 F.3d 916 (6th Cir. 1994), but an intentional introduction of evidence designed to prejudice Mr. Conley and prevent him from obtaining a fair trial, *see Tolbert v. Jago*, 607 F. 3d 753, 757 (6th Cir. 1979) (Engel, J., concurring). Such a limiting instruction would be improperly asking the jury to unring the bell.

## CONCLUSION

For all of the reasons articulated above, and for all of the reasons raised in the Motion to Sever, Mr. Conley respectfully requests that this Court sever Count 1 of the Second Superseding Indictment from Counts 2-14 because of improper misjoinder, in the first instance, under Rule 8(a). Alternatively, Mr. Conley seeks the severance of Count 1 under Rule 14(a) because a trial on all Counts would cause compelling, specific, and actual prejudice that a limiting instruction could not cure.

Respectfully submitted,

*/s/ Joshua F. Barnette*
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joshua F. Barnette*
Joshua F. Barnette