UNITED STATES DISTRICT COURT
WESTER DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,

                              Plaintiff

v.                                                    Case No. 3:19-CR-00019-DJH-RSE

BRYAN DOUGLAS CONLEY,                                 *Electronically Filed*

                              Defendant.

---

## MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE
### (Evidence allegedly supporting Count 1 in a trial on Counts 2-14, and vice versa)

---

Comes now Defendant Bryan Douglas Conley, by and through counsel, and hereby

moves this Court to exclude any evidence the government seeks to admit as 404(b) evidence.[1]

Mr. Conley previously filed a motion to sever Count 1 from Counts 2 - 14 for trial. (R. 134.)  In

its response to that motion, the government argued, among other things, that "evidence

supporting Count 1 would be admissible in separate trial for Counts 2-14 in accordance with

Federal Rule of Evidence 404(b)."  (R. 135 at 5-6.)  Although the Court has not yet ruled on the

motion to sever, the government has made at least some indication that if the motion to sever is

granted, the government would seek to admit evidence under F.R.E. 404(b) supporting Count 1

in a trial on Counts 2-14, and vice versa.  Out of an abundance of caution, and in accordance

with the Court's scheduling order requiring motions in limine to be file by December 20, 2022,

---

[1] The government filed a motion in limine seeking to introduce flight evidence.  (R. 105).  The instant motion in limine is not intended to address the government's motion, rather, this motion in limine to exclude 404(b) evidence is solely based on the government's representation in its response in opposition to Mr. Conley's motion to sever that FRE 404(b) would permit evidence supporting Count 1 to be admitted in a trial on Counts 2-14, and vice versa.  (*See* R. 134; R. 135.)

this motion seeks to exclude any evidence the government might offer as 404(b) evidence in the event Mr. Conley's motion to sever is granted.

## BACKGROUND & CHARGES

In September 2019, a federal grand jury returned the 14-count second superseding indictment at issue in this case. (R. 45.) Count 1 charges Mr. Conley with interstate transportation for prostitution in violation of 18 U.S.C. § 2421(a). Count 2 charges Mr. Conley with kidnapping in violation of 18 U.S.C. § 1201(a). Count 3 charges Mr. Conley with bank fraud in violation of 18 U.S.C. § 1344. Count 4 charge Mr. Conley with aggravated identity theft in violation of 18 U.S.C. § 1028A. Counts 5-14 charge Mr. Conley with sending various threatening communications through interstate commerce in violation of 18 U.S.C. § 875(c). These offenses can be divided into two separate groups: Count 1 allegedly occurred in November 2018 and involves an individual identified as "female 1" (R. 45 at ¶1); Counts 2-14 allegedly occurred in January 2019 and involve an individual identified as "R.W." (R. 45 at ¶¶2-40.)

In October 2022, Mr. Conley moved the Court to sever Count 1 from Counts 2-14 for purposes of trial. (R. 134.) In its response to Mr. Conley's motion to sever, the government argued that even if the Court grants the motion to sever, evidence supporting Count 1 would be admissible in a trial on Counts 2-14, and vice versa, by operation of F.R.E. 404(b). (R. 135 at 5-6.) Mr. Conley's motion to sever is now fully briefed (R. 134; R. 135; R. 137), and remains pending before this Court.

## LEGAL STANDARDS

Federal Rule of Evidence 404(b) states, "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person

acted in accordance with the character."  However, such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  F.R.E. 404(b)(2).  Additionally, the Rules mandate that the government give proper notice prior to trial that it intends to introduce 404(b) evidence:

> In a criminal case, the prosecutor must:
> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> (C) do so in writing before trial--or any time during trial if the court, for good cause, excuses lack of pretrial notice.

F.R.E. 404(b)(3).

Before the government can introduce 404(b) evidence over objection, trial courts must conduct a three-part analysis.

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred.  Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character.  Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012) (citations omitted).  Put another way, the trial court must first determine if the other act actually occurred and, if so, whether there is a proper 404(b)(2) purpose for which the government seeks to introduce the other act evidence and, if so, conduct a 403 balancing test to determine whether the probative value of the other act is substantially outweighed by its risk of unfair prejudice.

In the government's response to Mr. Conley's motion to sever, the government argued that F.R.E. 404(b) would permit evidence supporting Count 1 to be admitted in a trial on Counts 2-14, and vice versa.  (R. 135 at 5-6.)  The government stated it would seek the introduction of

evidence supporting Count 1 in a trial on Counts 2-14 to "show identity, modus operandi, and common plan or scheme." (*Id.* at 6.) Moreover, the government stated that "the conduct related to Count 1 is sufficiently similar to the charged crimes" in Counts 2-14, and that the two groups of charges "possess common features that make it very likely the offenses were perpetrated by the same person." (*Id.*)

## ARGUMENT

1.      *The government has not provided proper notice.*

As an initial matter, the government has not properly met the notice requirements of F.R.E. 404(b)(3). As already noted, due to the current posture of the case, this motion is being filed out of an abundance of caution. Currently, Count 1 is still improperly joined with Counts 2-14, and Mr. Conley's motion to sever Count 1 from Counts 2-14 remains pending. Consequently, as it currently stands, Mr. Conley is still scheduled to go to trial on all counts at the same time, and the government would not need to file a notice of its intent to introduce 404(b) evidence.

However, in the event the Court grants Mr. Conley's motion to sever, the government has put forth at least some indication that it would seek to introduce evidence supporting Count 1 at Mr. Conley's trial on Counts 2-14, and vice versa. (*See* R. 135.) Thus, the only notice Mr. Conley currently has concerning the possibility that the government might seek to introduce 404(b) evidence is what the government has articulated in its response to Mr. Conley's motion to sever.

The information contained in the government's response to Mr. Conley's motion to sever does not meet the notice requirements set out in F.R.E. 404(b)(3). The government's response does not articulate what evidence supporting Count 1 would be introduced in a trial on Counts 2-

14, and likewise does not articulate what evidence supporting Counts 2-14 would be introduced in a trial on Count 1.  Ostensibly, because Mr. Conley remains innocent until proven guilty on these charges, the government would be seeking to have a trial within a trial.  Furthermore, although the government's response articulates that it would seek to introduce the 404(b) evidence for a proper purpose -- "to show identity, modus operandi, and common plan or scheme" (R. 135 at 6) -- the government has not articulated any reasoning that supports those stated purposes as required by F.R.E. 404(b)(3)(B).  Consequently, the government should not be permitted to introduce evidence it claims supports the allegations in Count 1 in a trial on Counts 2-14, nor should it be permitted to introduce evidence it claims supports the allegations in Counts 2-14 in a trial on Count 1.

> 2.    *The government cannot show sufficient evidence at this juncture to prove that the other act -- the conduct related to Count 1 -- actually occurred.*

At this juncture, Mr. Conley remains innocent of the crimes charged in the second superseding indictment.  Consequently, this is not a situation in which a court has convicted Mr. Conley of the other acts and, therefore, the government cannot simply present certified copies of those prior convictions to satisfy the Court's inquiry on whether the other act occurred.

Here, in order to show that Mr. Conley actually committed the other acts, the court would have to conduct a hearing.  During such a hearing to determine whether the conduct actually occurred – that is, the acts charged in Count 1 if for a trial on Counts 2-14, or the acts charged in Counts 2-14 if for a trial on Count 1 – the government would be required to hold what amounts to a trial to not only show that the other act occurred, but that Mr. Conley was the actor.  This mini-trial to permit the Court to determine whether the other act actually occurred would prejudice Mr. Conley by requiring him to present his defense during that hearing, would be confusing to the jury, and would be a tremendously inefficient use of the Court's resources.  For

example, if the Court grants Mr. Conley's motion to sever, and Mr. Conley is set to proceed to trial on Counts 2-14, the government would be seeking to introduce evidence supporting Count 1 during the trial on Counts 2-14.  At the hearing to determine whether Count 1 actually occurred, Mr. Conley would be forced to present his defense on Count 1, thereby unduly prejudicing him at the trial on Count 1 whenever it occurs.  The same is true if the Court grants Mr. Conley's motion to sever, and Mr. Conley proceeds to trial on Count 1 first; he would be prejudiced by having to present his defense on Counts 2-14 at a 404(b) hearing to determine whether the conduct charged in Counts 2-14 actually occurred.

All charged conduct remains pending and, thus, Mr. Conley remains innocent until proven guilty.  There is no way for the Court to determine whether the other act the government would seek to introduce as 404(b) evidence actually occurred short of holding a trial on that conduct.  Such a hearing would prejudice Mr. Conley for whenever he faced trial on those charges.

> 3.   *Even if the Court were to determine the other act actually occurred, the government's purpose in introducing the evidence is prohibited.*

The government stated in its response to Mr. Conley's motion to sever that it would seek to introduce this 404(b) evidence for a proper purpose, that is "to show identity, modus operandi, and common plan or scheme."  (R. 135 at 6.)  This is mere pretext for its true reasoning, which is improper propensity evidence or that he acted in accordance with a character trait for deception. Because the government has not, at this point, provided proper notice under 404(b)(3), the government has not indicated the reasoning that supports its articulated proper purpose.

While we do not know the reasoning that supports the government's articulated proper purpose, any argument that this 404(b) evidence is being offered to show identity, modus operandi, or common plan or scheme fails.  As an initial matter, Mr. Conley's identity with

regard to Counts 2-14 is not at issue; Mr. Conley was arrested in the presence of R.W., who is

the alleged victim of the kidnapping charged in Count 2.  Thus, there is no question as to the

identity of the person charged in Counts 2-14.  Further, "prior bad act evidence is probative if it

is sufficiently similar to the charged crimes to establish the defendant's pattern, modus operandi,

or signature."  *United States v. Mack*, 729 F.3d 594, 602 (6th Cir. 2013) (internal citation

omitted).  The offered 404(b) evidence related to Count 1 is that Mr. Conley allegedly lured a

minor victim into travelling in interstate commerce for the purpose that the victim engage in

prostitution.  (*See* R. 45, R. 135.)  That conduct is not probative of any material issue with regard

to the kidnapping, bank fraud, aggravated identity theft, or interstate threatening messages

charged in Counts 2-14.  Thus, the government's arguments on the proper reason for introducing

the offered 404(b) evidence is simply pretext for attempting to show improper character and/or

propensity evidence.

> 4.  *Even if the Court determines the other act actually occurred and that the government seeks to introduce the evidence for a proper purpose, the probative value of this evidence is substantially outweighed by the unfair prejudice it would cause Mr. Conley if the evidence were admitted at trial.*

Evidence sought to be admitted under 404(b) should be excluded if its probative value is

substantially outweighed by its prejudicial effect.  *Clay*, 667 F.3d at 693; *see also United States

v. Asher*, 910 F.3d 854, 860-63 (6th Cir. 2018).  "Prior bad act evidence is probative if it is

sufficiently similar to the charged crimes to establish the defendant's pattern, modus operandi, or

signature."  *Mack*, 729 F.3d at 602.  On the other hand, unfair prejudice results when "the undue

tendency to suggest a decision based on improper considerations, like the chance that the jury

will convict the defendant because of his prior, instead of his charged, conduct."  *Asher*, 910

F.3d at 861.  Here, any probative value the other act may have – which is minimal, if any – is

grossly outweighed by the prejudice it would cause Mr. Conley at trial.

The government purportedly seeks to introduce this alleged 404(b) evidence to show identity, modus operandi, or common plan or scheme. (R. 135 at 6.) "Prior acts or crimes can be admitted to show identity, provided they are of sufficient distinctive similarity with the charges in the indictment to create a pattern or modus operandi." *United States v. Allen*, 619 F.3d 518, 524 (6th Cir. 2010). The government seeks to introduce evidence allegedly supporting Count 1 in a trial on Counts 2-14, and vice versa. However, any evidence in support of Count 1, not to mention the elements of Count 1, are too dissimilar and attenuated to the charges contained in Counts 2-14, and the elements of those charges.

Count 1 charges Mr. Conley with interstate transportation for prostitution in violation of 18 U.S.C. § 2421(a), which prohibits an anyone from "knowingly transport[ing] any individual in interstate or foreign commerce . . . with the intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." According to the operative indictment, "On or about November 8, 2018, through November 12, 2018, . . . Bryan Douglas Conley, knowingly transported, and attempted to transport, a person, female 1, in interstate commerce with the intent that the individual engage in prostitution and in sexual activity for which any person can be charged with a criminal offense." (R. 45 at 1.) As a matter of law, Count 1 has an element that requires illegal sexual activity – either prostitution or some other sexual activity for which someone can be charged with a criminal offense – which is not an element to kidnapping, bank fraud, aggravated identity theft, or interstate threatening messages charged in Counts 2-14.

Further, according to the government, the "female 1" identified in the indictment was a minor. (R. 135 at 1.) That the alleged victim may have been a minor at the time of the charged conduct is immaterial as it is neither sufficient nor necessary for a conviction on Count 1 and is

wholly inconsequential to any charged conduct in Counts 2-14. The government also alleged that Mr. Conley's intent in transporting female 1 was for her to engage in prostitution. (*Id.* at 1-2.) Whether Mr. Conley intended to transport female 1 for the purpose of her to engage in prostitution (as alleged in Count 1) has no bearing on any material issue of any of the charged conduct in Counts 2-14.

The only similarities the government alleges underlies both Count 1 and Counts 2-14 are that Mr. Conley allegedly posed on a dating website (or dating app) as a fictitious person with a fictitious occupation who had various reasons for not personally meeting the respective alleged victims, but that Mr. Conley then engaged in sexual activity with the alleged victims. (*Id.* at 2-3.) As for similarities, that is the extent of the government's allegations.

The government claims that the fictitious person involved with Count 1 claimed to be wealthy business owner with a mansion who was looking for a "sugar relationship" and would take care of female 1 in exchange for sexual activity. (*Id.* at 2.) None of these allegations are similar to the fictitious person purportedly involved with Counts 2-14, who, according to the government, purportedly posed as a modeling agent and took clothed, unclothed, and sexual photos of the alleged victim. (*Id.*) Ultimately, according to the government, Mr. Conley engaged in sexual activity with both individuals, but, although sexual activity is an element of the charged conduct in Count 1, sexual activity is of no consequence to the charged conduct in Counts 2-14.

The introduction of the alleged and wholly attenuated conduct would, if admitted, have a grossly prejudicial effect. The Sixth Circuit has acknowledged multiple circumstances in which relevant 404(b) evidence should be excluded: (1) when the prior act "could cause a jury to reach a verdict based on emotions instead of evidence"; (2) where the "tendency of the evidence to lure the factfinder into an impermissible propensity line of reasoning—generalizing a defendant's

earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged"; and (3) where the prior bad act lacks a pattern or modus operandi of the charged bad act and the jury would be forced to pile inference upon inference to draw the conclusion that the defendant was involved in all of the incidents. *Asher*, 910 F.3d at 861-62 (identifying the first two sufficiently prejudicial occasions to exclude 404(b) evidence); *Mack*, 729 F.3d at 602 (identifying the third enumerated prejudicial occasion to exclude 404(b) evidence). Here, all three of these reasons warrant exclusion of the offered 404(b) evidence.

In *Asher*, the Sixth Circuit acknowledged that when "the prior-act evidence so shocks the conscience that the jury may decide that the defendant is a bad person and deserves to be convicted, even if his guilt were unproven in the instant case, because a bad person deserves punishment" is sufficient prejudice upon which to exclude the 404(b) evidence. *Asher*, 910 F.3d 861-62. Here, the government seeks to introduce evidence the Mr. Conley allegedly transported a minor from Ohio in interstate commerce in order to have sex with her and for her to engage in prostitution before abandoning her in Texas. (R. 135 at 1-2.) Nothing in Counts 2-14 require a showing of sexual activity. Nothing in Counts 2-14 require a victim to be a minor. Nothing in Counts 2-14 require the abandonment of an individual several states away from her home state. Presented with the government's offered 404(b) evidence, which currently remain as unproven allegations only, a jury likely would be so shocked that it would determine Mr. Conley deserves punishment, even if the allegations in Counts 2-14 go unproven.

Likewise, in *Asher*, the Sixth Circuit recognized that "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged" is sufficiently prejudicial to exclude 404(b) evidence. *Asher*, 910 F.3d at 862. In doing so, the Sixth Circuit stated that "the same factors that make prior-act evidence probative –

similarity and temporal proximity – may also increase the risk of this form of unfair prejudice." *Id.* Here, a jury hearing that Mr. Conley allegedly lured a minor into travelling in interstate commerce to engage in sexual conduct is likely to improperly generalize such evidence into bad character evidence and inappropriately consider that evidence in raising the odds that he committed the conduct charged in Counts 2-14, though wholly unrelated to the interstate transportation of an individual for prostitution.  In *Mack*, the offered 404(b) evidence was too attenuated to the charged conduct and the jury was improperly forced to pile inference upon inference to conclude the defendant committed all acts.[2]  *Mack*, 729 F.3d at 602-03.  A jury hearing that Mr. Conley allegedly lured a minor into travelling in interstate commerce to engage in sexual conduct, even if sexual conduct was consensual, would be forced to pile inference upon inference in order to draw the conclusion that he kidnapped R.W., committed bank fraud, stole R.W.'s identity, and sent threatening text messages to R.W.'s parents.

A proper 403 balancing test yields only one result: any probative value stemming from the offered 404(b) evidence is greatly outweighed by the risk of its prejudicial effect.  For these reasons, the government should be prohibited from offering evidence allegedly supporting Count 1 in a trial on Counts 2-14 and, likewise, offering evidence allegedly supporting Counts 2-14 in a trial on Count 1.

## CONCLUSION

Mr. Conley's motion to sever remains pending and, thus, this motion is being filed out of an abundance of caution in the event the Court grants that motion.  For all of the above stated reasons, Mr. Conley seeks the exclusion of any 404(b) evidence.  Specifically, Mr. Conley asks

---

[2] Though the Sixth Circuit, in *Mack*, determined the 404(b) evidence was improperly admitted at trial, it determined reversal on that basis was not warranted.  *Mack*, 792 F.3d at 603.

the Court to exclude any evidence supporting Count 1 in a trial on Counts 2-14 and exclude any

evidence supporting Counts 2-14 in a trial on Count 1.

Respectfully submitted,

/s/ Joshua F. Barnette
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY  40202
859.226.2318
jbarnette@stites.com
Counsel for Bryan Douglas Conley

## CERTIFICATE OF SERVICE

I hereby certify that on 20th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Joshua F. Barnette
Joshua F. Barnette