UNITED STATES DISTRICT COURT
WESTER DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff<br><br>v.<br><br>BRYAN DOUGLAS CONLEY,<br><br>        Defendant. | Case No. 3:19-CR-00019-DJH-RSE<br><br>*Electronically Filed* |

_____

**MOTION IN LIMINE TO EXCLUDE CERTAIN PSYCHOLOGICAL EVALUATIONS**
_____

Comes now Defendant Bryan Douglas Conley, by and through counsel, and hereby moves this Court to exclude as evidence in this case certain psychological and psycho-educational evaluations because the evaluations are irrelevant, they are unduly prejudicial, they have not been authenticated, and because the government has not disclosed any expert to opine on the evaluations.

R.W. is the alleged victim of Count 2 in the Second Superseding Indictment.  (*See* R. 45.)On October 31, 2022, the government produced several psychological / psycho-educational evaluations, and associated documents, that had been conducted on R.W. more than twenty years ago.  The evaluations are dated: December 19, 1990;  April 5, 1991;  May 21, 1992;  February 10, 1997;  and August 2 & 3, 2001.  These evaluations, collectively, have been identified, though not Bates stamped, by the government as USA1713 - USA1766.

The evaluations are irrelevant to this case.  F.R.E. 401 states that "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Psychological evaluations and psyco-educational evaluations conducted on an alleged victim more than twenty years ago does not fit the

definition of relevant. Therefore, pursuant to F.R.E. 402, the irrelevant psychological and psycho-educational evaluations are inadmissible.

Even if the Court determines the psychological and psycho-educational evaluations are relevant, the evaluations should be excluded by operation of F.R.E. 403 because any probative value the evaluations might have would be substantially outweighed by their unfair prejudice. The government would only introduce these evaluations to show R.W. resulting assessments as they were on the dates of the evaluations. The five evaluations were conducted when R.W. was; 9 years old (two evaluations); 10 years old; 15 years old; and 19 years old, respectively. Conversely, R.W. was 37 years old at the time of the alleged conduct. Nothing in the evaluations purport to assess R.W. at 37 years old, and nothing in the reports can be projected onto R.W. at age 37 as nearly twenty years passed from the time of her last evaluation to the time of the conduct alleged in the indictment. Any reasoning for the evaluations, or any findings by the evaluations, would only serve to prejudice Mr. Conley at trial because the jury would believe that the reasoning or findings of the evaluations were somehow relevant to the alleged conduct and suggest that Mr. Conley knew or should have known of the findings in the reports.

Moreover, the government has not disclosed any experts to testify about the evaluations or opine on how, if at all, the evaluations may be relevant to R.W. at the time of the alleged conduct. The time to disclose any experts passed on November 21, 2022, per the Court's scheduling order then in place. (*See* R. 122.)

Because the evaluations are irrelevant, because the evaluations' probative value is substantially outweighed by unfair prejudice, and because the government has not identified any experts testify and opine on the evaluations' results, the Court should exclude the psychological evaluations, psycho-educational evaluations, and any associated documents identified as USA1713-USA1766.

Respectfully submitted,

*/s/ Joshua F. Barnette*
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY 40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*

## CERTIFICATE OF SERVICE

I hereby certify that on 20th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joshua F. Barnette*
Joshua F. Barnette