UNITED STATES DISTRICT COURT
WESTER DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff<br><br>v.<br><br>BRYAN DOUGLAS CONLEY,<br><br>                   Defendant. | Case No. 3:19-CR-00019-DJH-RSE<br><br>*Electronically Filed* |

_____

**MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO ECONO LODGE THEFT**
_____

      Comes now Defendant Bryan Douglas Conley, by and through counsel, and hereby moves this Court to exclude any evidence related to a purported television theft from a Cave City, Kentucky, Econo Lodge in June 2019, because such evidence is irrelevant and unduly prejudicial.

      In discovery, the government produced a police report from June 20, 2019, concerning a stolen television at the Econo Lodge, located at 870 Mammoth Cave Road in Cave City, Kentucky. (Exhibit 1, Cave City, Kentucky Police Report.)  This report has been identified and Bates stamped as USA-002190 - USA-002192.  (*See id.*)

      The narrative of the police report indicates that an individual named Bryan Conley had stayed in room 107 at the hotel from June 15, 2019 - June 20, 2019.  (*See id.*)  Upon the individual checking out of the hotel, hotel management noticed that a television, valued at $380, was missing from the room.  (*Id.*)  Hotel management reported that they attempted to contact the individual at the provided telephone number, but "discovered" the number to be a false number; management also suspected that the individual's address was also false.  (*Id.*)  According to the report, hotel management "observed Conley operating a gray 4 door sedan car."  (*Id.*)

Any evidence related to the Econo Lodge incident from June 2019, is irrelevant to this case. F.R.E. 401 states that "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action. The June 2019 Econo Lodge incident allegedly occurred sometime after Mr. Conley was arrested, arraigned, and released on pretrial supervision in February 2019. Whether the allegations contained in the police report occurred or not, they have no tendency to make a fact that is of consequence to determining this case more or less probable. Further, the allegations contained in the police report are of no consequence whatsoever in determining the outcome of this matter. Consequently, and pursuant to F.R.E. 402, any allegations contained in the police report, and any evidence associated with the Econo Lodge event from June 2019, is irrelevant and inadmissible.

Even if the Court determines the June 2019 Econo Lodge event is relevant, the events should be excluded by operation of F.R.E. 403 because any probative value the allegations might have are substantially outweighed by their unfair prejudice. The government would only introduce these evaluations to portray Mr. Conley as having definitively stolen the Econo Lodge television. There is no other reason to introduce evidence related to the June 2019 Econo Lodge event. The introduction of this evidence would confuse the jury and prejudice Mr. Conley by having a jury consider his guilt on a stolen television, which is wholly unrelated to the charges Mr. Conley faces in the instant matter.

Because the June 2019 Econo Lodge event is irrelevant, and because the Econo Lodge event's probative value is substantially outweighed by unfair prejudice, the Court should exclude any and all evidence related to the alleged stolen television incident that purportedly occurred in June 2019 at the Econo Lodge in Cave City, Kentucky, and which is associated with documents produced in discovery and identified as USA-002190 - USA-002192.

Respectfully submitted,

*/s/ Joshua F. Barnette*
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY  40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*

## **CERTIFICATE OF SERVICE**

I hereby certify that on 20th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joshua F. Barnette*
Joshua F. Barnette