UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:19:CR-00019-DJH |
| BRYAN D. CONLEY | DEFENDANT |

### UNITED STATES' MOTION IN LIMINE
*-- Filed Electronically –*

The United States moves in limine to exclude at the trial of this case any effort by the defendant, Bryan D. Conley to enter into evidence his own statements, present arguments for jury nullification, attempt to introduce testimony or argument regarding punishment, and introduce reverse 404(b) evidence.

1. **DEFENSE INTRODUCTION OF DEFENDANT'S OWN STATEMENT**

The United States intends to introduce statements made by Conley during a recorded interview with the FBI on January 30, 2019. These statements are non-hearsay by definition because they are an opposing party's statement made in an individual or representative compacity. *See* Fed.R.Evid. 801(d)(2). Therefore, any statement a particular defendant made to another person may properly be used against that defendant and is not hearsay.

Should the defendant try to introduce other self-serving statements made to others, over and above the statements introduced by the United States, as well as statements made to other individuals that should be inadmissible when offered for the truth of the matter asserted.

The defendant's self-serving statements to others when offered for the truth of the matter asserted, are inadmissible hearsay. Under the Federal Rules of Evidence, such statements do not

fall under any definition of non-hearsay or under any hearsay exception. *See United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014); *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) ("Rule 801(d)(2), however, does not extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses."); *United States. v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) ("Admissions by a party-opponent are not considered hearsay and therefore can be admitted against that party... [T]he rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party.").

Further, the statements are not admissible under the "rule of completeness." The rule of completeness may "allow a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context." *United States v. Parenteau*, 529 Fed. Appx. 532, 535 (6th Cir. 2013) (unpublished) (*citing United States v. Henderson*, 626 F.3d 326, 344 (6th Cir. 2010)). However, the rule of completeness only addresses an order of proof problem, enabling a party to present context at the time evidence is introduced rather than later in trial. The Sixth Circuit has explicitly found that the rule of completeness "is not designed to make something admissible that should be excluded." *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982). In fact, the rule of completeness "does not outweigh the hearsay rules . . . [and] exculpatory hearsay may not come in solely on the basis of completeness." *United States v. Shaver*, 89 Fed. Appx. 529, *3 (6th Cir. 2004); *see also United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013) (*citing Costner* and affirming district court decision to exclude defendants' attempts to introduce their own allegedly exculpatory statements); *Parenteau* at 535 (the rule of completeness "does not allow a party to admit evidence that is otherwise inadmissible").

2. **JURY NULLIFICATION**

The United States moves in limine to exclude at the trial of this case any argument encouraging jurors to ignore the law, not follow the Court's instructions, or otherwise violate their oaths as jurors. Any such arguments are irrelevant, prejudicial, and amount to nothing more than jury nullification.

Jurors must follow the law. It would be improper for the defendant to in any way to suggest to the jury that the jury should acquit for reasons beyond the facts and the law. *See Sparf & Hansen v. United States*, 156 U.S. 51 (1895), (universally regarded as the decisive case disapproving of jury nullification). Several courts, including this Court, have held that informing the jury of jury nullification is improper. *See United States v. Hill*, No. 3:09-CR-59, 2010 WL 4604033, at *2 (W.D. Ky. Nov. 2, 2010); *United States v. Avery*, 717 F.2d 1020, 1027 (6th Cir.1983) ("Although jurors may indeed have the power to ignore the law, their duty is to apply the law as interpreted by the court and they should be so instructed."); *United States v. Muse*, 83 F.3d 672, 677 (4th Cir.1996) ("Although a jury is entitled to acquit on any ground, a defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, i.e. a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power."); *Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir.2005) ("Importantly, while jurors have the power to nullify a verdict, they have no right to do so."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir.1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly.").

Thus, the law is plain that it is improper for the defendants to suggest in any way that the jury should acquit him even if it finds that the United States has met its burden of proof. See *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("[A]n unreasonable jury verdict . . . is lawless,

3

and the defendant has no right to invite the jury to act lawlessly. Jury nullification . . . is not a right, either of the jury or of the defendant"). A jury's decision, especially during the guilt phase of a criminal trial, should be based upon the evidence, and not upon their sympathy for either the defendant or the victim of a particular crime. *See United States v. Duval*, 865 F.Supp.2d 803, 809 (E.D. Mich. 2012) (jury nullification occurs when there is no purpose for evidence "other than to ask the jury to acquit despite proof of the elements of the crimes beyond a reasonable doubt")

The issue of jury nullification is one that is properly addressed in a motion in limine. *See United States v. Hill*, No. 3:09-CR-59, 2010 WL 4604033, at *2 (W.D. Ky. Nov. 2, 2010); *United States v. Sloan*, 704 F. Supp. 880, 884 (N.D. Ind. 1989) (granting government's motion in limine to preclude jury nullification arguments).

For these reasons the United States' Motion should be granted and the defendant should be precluded introducing any argument encouraging jurors to ignore the law, not follow the Court's instructions, otherwise violate their oaths as jurors, or to suggest in any way that the jury should acquit the defendant for reasons outside of the applicable law and the facts of the case.

3. **PUNISHMENT**

The United States moves in limine to exclude ConleyWillia from introducing evidence or commenting in any way about the potential penalty he would face upon conviction.

Courts have long held that the question of punishment should never be considered by a jury in a criminal case. *United States v. McDonald*, 935 F.2d 1212, 1222 (11th Cir. 1991). "It is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the Court to determine matters of punishment." *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966). (Citing *Sullivan v. United States*, 317 F.2d 101, 102 (5th Cir. 1963)).

Section 8.05 of the Sixth Circuit Pattern Criminal Jury Instructions makes it clear that any decision regarding punishment in a criminal case is the province of the trial judge, not the jury. Section 8.05 states:

**8.05  PUNISHMENT**

(1)  If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)  Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)  Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Indeed, the law in the Sixth Circuit has long been that a jury is explicitly prohibited from considering possible punishment in determining whether defendant is guilty. *See United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) (affirming the decision of the trial court to grant the government's motion in limine to exclude discussion of potential penalties); *United States v. Cloud*, No. CR 5: 22-041-DCR, 2022 WL 3006840, at *3 (E.D. Ky. July 28, 2022)

Therefore any evidence, question, or argument regarding penalty would be improper and thus inadmissible.

4. **REVERSE 404(b)**

The United States moves in limine to exclude at the trial of this case evidence of, and statements by counsel regarding, the defendant, Conley's good conduct, impertinent character

5

traits, and the absence of bad acts by the defendant.[1]  This testimony is completely irrelevant to the charges in the Indictment and is inadmissible under the Federal Rules of Evidence.

The defendant cannot prove that he lacked the requisite criminal intent by pointing to alleged good acts or performance on other occasions.  This is commonly referred to as "reverse 404(b) evidence," and is subject to the same standard 404(b) analysis applicable to evidence normally offered by the United States.  *United States v. Clark*, 377 Fed.Appx. 451, 458 (6th Cir. 2010); *United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004).

Under that analysis, "(e)vidence that an individual acted lawfully on other occasions not charged in the indictment is generally inadmissible in that it does not negate the charge that he acted with criminal intent on another occasion." *United States v. Mack*, 298 F.R.D. 349, 352 (N.D. Ohio 2014) (*citing United States v. Dobbs*, 506 F.2d 445, 447 (5th Cir. 1975)).  "For the same reason that prior "bad acts" may not be used to show a predisposition to commit crimes, prior "good acts" generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014).  *See also United States v. Silber*, 456 Fed. Appx. 559, 562 (6th Cir. 2012) (excluding defendant's evidence of specific instances of conduct to show his good character, noting "a federal inspector charged with accepting a bribe from a meat packer can call a character witness to show his reputation for being honest, but he may not call other meat packers to testify that he did not solicit bribes from them.") (*citing* Kenneth S. Broun et. al., *McCormick on Evidence*, § 191).[2]  In other words, Conley should be precluded from introducing evidence that he displayed good conduct on one particular occasion to demonstrate

---

[1] As the venire includes every member of the petit jury, statements that would be improper at trial should naturally be excluded during voir dire as well. It goes without saying that jurors cannot simply put out of their minds impermissible statements made during voir dire after the petit jury is empaneled.

[2] Rule 405(a) of the Federal Rules of Evidence permits the defendants to introduce testimony about his reputation, but does not permit defendants to introduce evidence of specific instances of conduct.

6

that he did not act with criminal intent on another. *See United States v. Georges*, No. 2:20-CR-157 (2), 2021 WL 4191223, at *7 (S.D. Ohio Sept. 15, 2021).

The defendant may contend that this evidence should nonetheless be allowed because the defendant is entitled to present a defense, whatever it may be, but "a criminal defendant does not, however, have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence." *See Mack*, 298 F.R.D. at 351-52. In reality, a defendant's testimony of specific instances of good conduct serves only one purpose--to encourage jury nullification, and "defendants are not entitled to offer evidence and testimony for the sole purpose of inviting jury nullification." *United States v. Duval*, 865 F. Supp.2d 803, 809 (E.D. Mich. 2012). *See also United States v. Hill*, 2010 WL 4604033 *2 (W.D. Ky. Nov. 2) (granting motion in limine and excluding arguments as to jury nullification); *United States v. Goldfarb*, 643 F.2d 422, 434 (6th Cir. 1981) (affirming exclusion of evidence of defendant's gallantry as an officer and pilot, his two tours in Vietnam, and his communications with the White House, stating that it was "inadmissible except upon conviction to be considered in mitigation of the sentence.").

Even if the Court finds that this proposed testimony satisfies Rule 404(b), it remains far more prejudicial than probative and should be excluded under Rule 403. Testimony of a defendant's good conduct, impertinent character traits, and the absence of bad acts has exceedingly limited probative value because it shines absolutely no light on the appropriateness of his conduct that is at issue in this case. On the other hand, it carries great potential to waste time and to confuse and mislead the jury.

For these reasons the United States' Motion should be granted and the defendant should be precluded from presenting testimony or other evidence of his good conduct, impertinent character traits, and the absence of bad acts by the defendant.

For these reasons the United States' Motion should be granted and the defendant should be precluded from introducing his own statements into evidence.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*S/Joshua Judd*_____
Joshua Judd
Joel King
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911
(502) 582-5912 (Fax)
Joshua.judd@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

*S/Joshua Judd*_____
Assistant United States Attorney