UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff<br><br>v.<br><br>BRYAN DOUGLAS CONLEY,<br><br>          Defendant. | Case No. 3:19-CR-00019-DJH-RSE<br><br>*Electronically Filed* |

___

**DEFENDANT CONLEY'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE CONCERNING DEFENDANT'S STATEMENTS, JURY NULLIFICATION, PUNISHMENT, AND REVERSE 404(b) EVIDENCE**
___

  Comes now Defendant Bryan Douglas Conley, by and through counsel, and hereby moves the Court to deny the government's motion in limine concerning Mr. Conley's statements, jury nullification, punishment, and reverse 404(b) evidence. (*See* R. 145) As an initial matter, the government fails to identify any specific evidence which it seeks to exclude through this motion; the motion only contains general references to categories of evidence it seeks to prevent Mr. Conley from presenting at trial. As a whole, the motion simply asks the Court to have Mr. Conley follow the law and the Federal Rules of Evidence. Mr. Conley, through counsel, has no intention of violating the law or the Federal Rules of Evidence.

  Moreover, the motion is premature. The motion is void of any specific evidence the government seeks to exclude, and, at this moment, neither Mr. Conley nor the government can predict with certainty every piece of evidence that the parties will seek to introduce. The normal course of trial permits opportunities to object to the introduction and admission of specific

evidence, at which time the Court will hear arguments on the objection and make evidentiary rulings. This case is no different, and the parties are likely to object to the introduction of certain evidence throughout the course of trial, at which time the Court will make rulings on the admission of such evidence. Asking the Court to exclude general categories of evidence, without knowing what the evidence is, how the evidence will come in, or what the evidence is being offered for, is simply premature.

For these reasons, the Court should deny the government's motion (R. 145) as premature and rule on objections to the admission of evidence as they arise during trial.

Respectfully submitted,

/s/ Joshua F. Barnette
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY  40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*

## CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Joshua F. Barnette
Joshua F. Barnette