UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                             CRIMINAL ACTION NO. 3:19:CR-00019-DJH

BRYAN D. CONLEY                                                                       DEFENDANT

## RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE
– Filed Electronically –

The United States opposes the defendant's Motion, respectfully requests an *in limine* order authorizing the government to introduce evidence supporting Count 1 in a trial on Count 2 and vice versa. The evidence the defendant seeks to exclude is admissible in accordance with Federal Rule of Evidence 404(b) because the evidence is not offered to prove the defendant's character, but rather to prove identity, intent, absence of mistake, and common plan or scheme.

## INTRODUCTION

Beginning in November 2018, the defendant, Bryan Douglas Conley, used aliases, an invented third party, and the online dating application Plenty of Fish ("POF") to lure and mislead victims for sexual activity. He then used his vehicle to transport these victims interstate. Finally and when confronted by law enforcement, the defendant blamed the invented third party for any misconduct or as an excuse for his conduct.

Conley was indicted by a second superseding Indictment on September 18, 2019 in the Western District of Kentucky. DN 45. Count 1 charged him with a violation of the Mann Act (18 U.S.C. Section 2421(a)) in which the defendant used deception and transported a minor victim ("Victim #1") interstate with the intent Victim #1 engage in sexual activity with the

defendant and prostitution with others. Count 2 charged Kidnapping by Inveigle and Decoy (18 U.S.C. Section 1201(a)(1) in which the defendant kidnapped a second victim ("Victim #2) using deception, traveled interstate, and engaged in sexual activity. Conley was also charged with Bank Fraud (18 U.S.C. 1344), Aggravated Identity Theft (18 U.S.C. 1028A), and ten counts of Interstate Threats (18 U.S.C. 875(c) relating to text message threats sent to the Victim #2's parents with ransom demands, all of which occurred during the course of the kidnapping.

Relating to Count 1, the defendant, beginning on or about November 8, 2018 contacted Victim #1 using POF and using the username "loveiseasy." The defendant posed as a fictious person named, "Bryant." In addition to posing as a fictious person, the defendant lied to and misled Victim #1 claiming that "Bryant" owned a business, had a mansion, and wanted a "sugar relationship" in that he would take care of Victim #1 in exchange for sexual activity. On or about November 10, 2018 and under the ruse that the defendant was there at "Bryant's" request, the defendant drove to Victim #1's residence in central Ohio to transport the victim from Ohio to TN to be with "Bryant;" he never did. During the travel, the defendant repeatedly engaged in sexual activity with the minor victim offering her money and promises of money from "Bryant" to engage in sexual activity with him or others. He transported Victim #1 from Ohio, then to Kentucky, next to Tennessee, and ultimately abandoned Victim #1 in Texas at a gas station, after he stole her purse and phone. At all times, the defendant told Victim #1 that he was acting on behalf of "Bryant."

Relating to Count 2 and only 69 days later in January 2019, Conley again posed as a fictitious person on POF, this time as "Lance," when he contacted Victim #2 while using the username "loveiseasy." In addition to posing as a fictious person, the defendant lied to and misled Victim #2 claiming that "Lance" was wealthy and had the means to help Victim #2 The defendant met with Victim #2 several times. During those occasions, the defendant, under the

ruse he was there at the direction of "Lance," took clothed, nude, and sexual photos of her and engaged in sexual activity. On the final occasion and like he did with the Victim #1 nearly two months prior, the defendant picked up Victim #2 and told her he would transport her to meet the fictitious person "Lance;" he never did. He offered various excuses as to why he could not bring her to "Lance." Instead, the defendant stole Victim #2's purse and wallet then bound at her legs, feet, and gaged with rope, and transported her interstate. During the travel, the defendant used Victim #2's cellular telephone to communicate that he kidnapped Victim #2 and directed Victim #2's mother to pay a ransom of $20,000 to ensure Victim #2's safe release. Victim #2's mother contacted law enforcement and the next day the FBI arrested the defendant when he attempted to pick up the ransom funds. At all times, the defendant told Victim #2 that he was acting on behalf of Lance. When interviewed by law enforcement, the defendant denied responsibility and advised that he acted on behalf of "Lance."

## ARGUMENT

Rule 404(b) applies to "[e]vidence of any *other crime*, wrong, or act" (emphasis added). The evidence which the defendant seeks to exclude is charged conduct, and thus cannot be excluded under Rule 404(b).

However, the government recognizes the defendant filed his Motion in the belief that the Court should sever Count 1 from Count 2, which the government opposes. DN 134 and 135. But should the Court sever Count 1 from Count 2, the evidence of Count 1 is still admissible in the trial of Count 2.

B.     The Evidence Sought to Be Introduced is Admissible Under Rule 404(b)

If Count 1 is severed from Count 2 and in the trial of Count 2, the United States will seek to introduce evidence that the defendant used the Plenty of Fish ("POF") and the username "loveiseasy" to lure susceptible females. In doing so, the defendant created and posed as a fake

3

individual named "Bryant." Posing as this fictitious person, the defendant met Victim #1 through POF and claimed he was wealthy and had means to help Victim #1. "Bryant" offered to pick up Victim #1 in Ohio. "Bryant" advised Victim #1 he would use his resources to help Victim #1 and that he was sending the defendant to bring Victim #1 to "Bryant." Instead, the defendant convinced Victim #1 to allow him to take sexual videos of her and convinced her to have sex with him and with others with the promise that "Bryant" would pay her more money. The defendant took Victim #1 from Ohio to Texas, where he left her at a gas station. This evidence is offered to prove identity, intent, absence of mistake, and common plan or scheme.

The Court may admit evidence of uncharged conduct under Rule 404(b) to prove relevant facts other than the defendant's character. See Fed. R. Evid. 404(b). More specifically, the court may admit evidence of uncharged conduct under Rule 404(b) for the purpose of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . ." Id.

In ruling on the admissibility of 404(b) evidence, the trial court must determine that act in question occurred, that the evidence is admissible for a proper purpose, and that the probative value of the evidence outweighs its potential prejudicial effects. See United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1993); United States v. Ismail, 756 F.2d 1253, 1259 (6th Cir. 1985); United States v. Dabish, 708 F.2d 240, 242 (6th Cir. 1983). Evidence of other misconduct becomes unfairly prejudicial if "the jury's decision will be based upon improper factors, notably the character and past conduct of the accused, rather than upon the evidence presented on the crime charged." United States v. Vance, 871 F.2d 572, 577 (6th Cir. 1989); see also United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir. 1986) ("'[u]nfair prejudice,' as used in Rule 403, does

4

not mean the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis").

    1.    <u>There Is Sufficient Evidence the Other Acts Occurred</u>

As noted, the first determination a court must make before admitting other-act evidence under Rule 404(b) is whether there is sufficient evidence that the other act occurred. The standard of proof is low: the government is not required to prove the other act beyond a reasonable doubt, by clear and convincing evidence, or even by a preponderance of the evidence. <u>United States v. Bell</u>, 516 F.3d 432, 441 (6th Cir. 2008) (citing <u>Huddleston</u>, 485 U.S. at 689). The government need submit only enough evidence to support a reasonable finding that the defendant committed the other act. <u>Id.</u>

Here, a grand jury found probable cause the defendant committed the facts supporting Count 1. In addition, Victim #1 will testify. <u>See</u> <u>United States v. Bonds</u>, 12 F.3d 540, 572 (6th Cir. 1993) (finding that testimony from single eyewitness "amply support[ed]" a finding that the other act occurred).

    2.    <u>The Evidence Is Being Offered for a Permissible Purpose</u>

The second determination a court must make before admitting other-act evidence under Rule 404(b) is whether it is offered for a permissible purpose: <u>i.e.</u>, that "it is probative of a material issue other than character." <u>United States v. Cox</u>, 957 F.2d 264, 267 (6th Cir. 1992) (quoting <u>Huddleston</u>, 485 U.S. at 689). In this case, the evidence proposed by the United States falls squarely within the exceptions outlined in Fed. R. Evid. 404(b)(2). As stated above, the evidence supporting Count 1 assists the trier of fact identifying the defendant as the offender in Count 2, shows his intent to commit these acts for sexual gratification, establishes the absence of mistake

5

as claimed by the defendant, and is a part of the defendant's common plan or scheme. Thus, the evidence is being offered for a permissible purpose.

The evidence is offered to prove identity, that the defendant committed Count 2. Identity is at issue because the defendant claims "Lance" is the responsible individual, because "Lance" is user "loveiseasy" on POF, and "Lance" directed him to pick up Victim #2, drive her around, take sexual pictures of her, tie her up, and even pick up a bag of money that "Lance" left for him in a parking lot; thus "Lance" is the actual offender. There is no "Lance" and the defendant uses Lance to deflect his own culpability. Because "loveiseasy" was used when communicating with the Victim #1 and Victim #2, Victim #1 can testify and identify the defendant is user "loveiseasy" on POF. In addition, the facts of Count 1 establish a modus operandi or a behavioral fingerprint that identifies the defendant, considering the defendant used the same methods to deceptively contact and lure susceptible women to travel interstate with him and engage in sexual activity all while the victims believed the defendant was taking them to meet "Bryant" or "Lance." "The similarity sufficient to admit evidence of past acts to establish a recurring modus operandi need not be complete; it is enough that the characteristics relied upon are sufficiently idiosyncratic to permit a fair inference of a pattern's existence." United States v. Sliker, 751 F.2d 477, 487 (2d Cir. 1984).

The defendant also had common plan or scheme to use POF for his own sexual gratification. Victim #1 and Victim #2 were a part of the defendant's overall "fishing" plan or scheme. The defendant planned and schemed to use POF to lure susceptible females. This use of other crimes does not create a propensity inference, but rather the other crimes show that the defendant actually formed the plan or scheme involved in committing the charged crime.

The evidence is also admissible to prove the absence of mistake by the defendant. In Count 2 the defendant claims that "Lance" was directing his conduct over a four-day period and that he

did not intend to kidnap Victim #2. Thus, the defendant will seek to convince the jury that he was duped by "Lance" and that the defendant's conduct amounted to a mistake. Yet in Count 1 and just 69 days prior, the defendant took Victim #1 over a several day period and also claims he was directed to do so, this time by a "Bryant". Although the defendant named the fictitious person "Bryant" in Count 1 and "Lance" in Count 2, the tactic the defendant used in both counts is the same and only two months a part. The circumstances underlying Count 1 will establish the absence of mistake for Count 2, that the defendant was not duped by "Lance" because the defendant knew "Lance" did not exist, just as "Bryant" did not exist.

The evidence of Count 1 is also admissible to show the defendant's intent in Count 2. For Count 2, the defendant did "unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Victim #2 for ransom, reward, *or otherwise.*" (emphasis added) DN 45 at para. 16. In addition, the jury instructions will likely require to the jury to find that the defendant had the "intent to collect a ransom, reward, or other benefit and held the victim for that reason." The defendant did kidnap Victim #2 for ransom, but he also kidnapped her for his sexual gratification. Intent, whether for ransom or his sexual gratification, is an essential element of the offense, which can be proven in part with evidence that the defendant lied to and transported Victim #1 interstate in part to satisfy his sexual gratification. United States v. Van Metre, 150 F.3d 339, 49 Fed. R. Evid. Serv. 1156 (4th Cir. 1998) (in a kidnapping rape-murder case, it was within the trial court's discretion to admit a recent and similar kidnapping-rape to show that the defendant's purpose in abducting his second victim was to gratify his sexual desires).

3. The Probative Value of the Evidence Outweighs the Danger of Unfair Prejudice

Finally, the third determination a court must make before admitting other-act evidence under Rule 404(b) is whether its probative value is substantially outweighed by the danger of unfair

7

prejudice. Cox, 957 F.2d at 267. Courts consider several factors in weighing the probative value of 404(b) evidence against its prejudicial effect.

One factor is the evidence's overall significance to the case. Courts have cautioned that "404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." United States v. Perez-Tosta, 36 F.3d 1552, 1562 (11th Cir. 1994). The Sixth Circuit has stated that the centrality of the issue for which the 404(b) evidence was admitted weighs in favor of admission. See United States v. Vance, 871 F.2d 572, 576 (6th Cir. 1989) ("[A]n important indication of probative value of evidence is the prosecution's need for the evidence in proving its case."). Another factor is the amount of time elapsed between the 404(b) incident and the charged incident. Generally, the probative value of other-act evidence decreases in a linear fashion as time passes. See Ismail, 756 F.2d at 1260. Another factor is the availability of alternative sources of proof. See Bell, 516 F.3d at 445 ("The district court should consider the government's alternative sources of proving intent when weighing the probative value of other acts evidence."). Still another factor is the nature and degree of potential prejudice. Not all prejudice is *unfair* prejudice. "[U]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." Bonds, 12 F.3d at 567. Finally, another factor is the potential for a limiting instruction. The Sixth Circuit, while recognizing that a limiting instruction is not a cure-all, has held that an instruction carefully setting forth the permissible uses of 404(b) evidence mitigates the prejudicial impact, if any, of such evidence. United States v. English, 785 F.3d 1052, 1056 (6th Cir. 2015). A limiting instruction is especially impactful if given before and after the evidence at issue, and again during the jury charge. See United States v. Allen, 619 F.3d 518, 525 (6th Cir. 2010).

The factors described above militate in favor of admitting the government's proposed evidence in this case. The proposed evidence is admissible and is necessary to the government's case, as it identifies the defendant as the offender and not someone else as he claims, shows that defendant was not mistaken in his actions as he claims, and it explains why he kidnapped Victim #2. Additionally, there is very little time lapse between the Count 1 and Count 2, and this short window of two months showcases the defendant's plan or scheme. Although there is a potential for prejudice associated with this evidence, this prejudice can be cured by the Court providing a limiting instruction to the jury to ensure the evidence is not considered for an improper purpose. Moreover, the Sixth Circuit's pattern jury instruction 7.13 Other Acts of Defendant is specifically designed to alleviate any concerns raised by this type of evidence.

## CONCLUSION

The government respectfully requests to Court deny the defendant's Motion and, if Count 1 is severed from Count 2, grant an *in limine* order ruling that the above-described evidence is admissible under Rule 404(b).

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

_____
Joel King
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 779-2755
joel.king@usdoj.gov

9

**CERTIFICATE OF SERVICE**

      On January 3, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

_____
Joel King
Assistant United States Attorney