UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff<br><br>v.<br><br>BRYAN DOUGLAS CONLEY,<br><br>                              Defendant. | Case No. 3:19-CR-00019-DJH-RSE<br><br>*Electronically Filed* |

---

### DEFENDANT'S TRIAL MEMORANDUM

---

Comes now Defendant Bryan Douglas Conley, by and through counsel, and hereby submits this Trial Memorandum.

**A.      STATUTES INVOLVED AND ELEMENTS OF OFFENSES**

*Count 1 - Interstate Transportation for Prostitution*

Count 1 of the second superseding indictment charges Mr. Conley with interstate transportation for prostitution in violation of 18 U.S.C. § 2421(a).  The elements of that offense are as follows:

1.  The Defendant knowingly transported Female 1 (the individual identified in the second superseding indictment) in interstate or foreign commerce, or in any Territory or Possession of the United States; and

2.      The Defendant intended Female 1 to engage in, or attempt to engage in, prostitution or in any sexual activity for which any person can be charged with a criminal offense.

### Count 2 - Kidnapping

Count 2 of the second superseding indictment charges Mr. Conley with kidnapping by inveigle and decoy in violation of 18 U.S.C. § 1201(a).  The elements of that offense are as follows:

1.  The Defendant unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away R.W. (the individual identified in the second superseding indictment); and

2.  The Defendant held R.W. for ransom, reward, or for any other reason; and

3.  In committing or in furtherance of the offense,

(a)  The Defendant willfully transported R.W. in interstate or foreign commerce; or

(b)  The Defendant traveled in interstate or foreign commerce; or

(c)  The Defendant used the mail; or

(d)  The Defendant used a means, facility, or instrumentality of interstate or foreign commerce; and

4.  The Defendant acted unlawfully, knowingly, and willfully.

### Count 3 - Bank Fraud

Count 3 of the second superseding indictment charges Mr. Conley with bank fraud in violation of 18 U.S.C. § 1344.  The elements of that offense are as follows:

1.  The Defendant knowingly executed or attempted to execute a scheme:

(a) to defraud a financial institution; or

(b)  to obtain the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution by means of false or fraudulent pretenses, representations, or promises; and

2. The Defendant did so with the intent to defraud; and

3. The financial institution was insured by the FDIC.

*Count 4 - Aggravated Identity Theft*

Count 4 of the second superseding indictment charges Mr. Conley with aggravated identity theft in violation of 18 U.S.C. § 1028A.  The elements of that offense are as follows:

1. The Defendant knowingly transferred, possessed, or used;

2. without lawful authority;

3. a means of identification of another person;

4. during and in relation to the Bank Fraud charge alleged in Count 3 of the second superseding indictment.

*Counts 5 - 14 - Interstate Threats*

Counts 5 - 14 of the second superseding indictment charges Mr. Conley with interstate threats in violation of 18 U.S.C. § 875(c).  The elements of that offense are as follows:

1. The Defendant sent a message in interstate commerce; and

2. A reasonable observer would view the message as a threat; and

3. The Defendant intended the message as a threat.

**B.      STATEMENT OF UNDISPUTED AND DISPUTED FACTS**

At this time, Defendant believes all facts are disputed.  Currently, Mr. Conley and the government have not agreed on any stipulated facts.  If Mr. Conley and the government agree to any stipulated facts, Mr. Conley will notify the Court.

## C.      UNRESOLVED SUBSTANTIVE ISSUES OF LAW

Defendant is unaware of any such issue at this time.

## D.      STATEMENT OF EVIDENTIARY ISSUES

Currently pending before the Court are the following motions: the government's motion in limine to introduce flight evidence as evidence of guilty (R. 105);  Mr. Conley's motion to sever (R. 135);  Mr. Conley's motion in limine to exclude 404(b) evidence (R. 140);  Mr. Conley's motion in limine to exclude certain psychological evaluations (R. 141);  Mr. Conley's motion in limine to exclude certain text messages (R. 142);  Mr. Conley's motion in limine to exclude evidence related to an Econo Lodge theft (R. 143); and the government's motion in limine concerning Defendant's statements, jury nullification, punishment, and reverse 404(b) evidence (R. 145).

Additionally, given the government's response to Mr. Conley's motion in limine to exclude certain psychological evaluations (R. 151), in which the government stated it "anticipates having R.W.'s parents testify about her relationship challenges, anxiety, IQ, psychological and emotional developmental challenges," among other things, evidentiary issues are likely to arise over lay witnesses testifying as expert witnesses.

Finally, Mr. Conley previously made specific discovery requests of the Government.  The Government has not yet produced those documents.  While the parties continue to work together regarding those discovery requests, should the discovery requests go unresolved, the issue may need to be brought before the Court at the Final Pretrial Conference.

## E.      POTENTIAL TRIAL PROBLEMS

Potential trial problems may include issues surrounding *Jencks* material.  Mr. Conley previously made a specific request for the advance production of any *Jencks* material.  Because of the complexity of the case, the anticipated length of trial, and the volume of anticipated government witnesses, early production of *Jencks* material is essential to avoiding additional trial problems.

## F.      PROPOSED JURY INSTRUCTIONS

Mr. Conley's proposed jury instructions are attached as Exhibit 1.

## G.      PROPOSED VOIR DIRE QUESTIONS

Mr. Conley's proposed voir dire questions are attached as Exhibit 2.

## H.      EXHIBIT LIST

Mr. Conley respectfully declines to outline his exhibit list or defensive strategy to the United States, but will discuss same with the Court *ex parte* and *in camera* if requested. Additionally, Mr. Conley identifies as potential exhibits any and all exhibits proposed by the United States.

Respectfully submitted,

*/s/ Joshua F. Barnette*

Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY  40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*

## CERTIFICATE OF SERVICE

I hereby certify that on 5th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joshua F. Barnette*

Joshua F. Barnette