UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,

                Plaintiff

v.

BRYAN DOUGLAS CONLEY,

                Defendant.

Case No. 3:19-CR-00019-DJH-RSE

*Electronically Filed*

---

**DEFENDANT BRYAN DOUGLAS CONLEY'S
PROPOSED JURY INSTRUCTIONS**

---

Defendant, Bryan Douglas Conley, by counsel, hereby respectfully submits the following proposed jury instructions in anticipation of the jury trial in this matter, currently scheduled to begin on Monday, February 6, 2023, and for the Court's consideration.  Mr. Conley expressly objects to any instructions which do not conform to the ones set forth below and reserve the right to supplement, withdraw, or modify these proposed instructions in response to any proposed instructions submitted by the United States, the evidence at trial, or other developments prior to trial.  If the Court should find one sentence or paragraph in an instruction objectionable, Mr. Conley asks the Court to give the remaining parts of that instruction or to give Mr. Conley the opportunity to revise the instruction.

## JURY INSTRUCTION NO. 1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the Defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Pattern Jury Instructions, Sixth Circuit, §1.01

## JURY INSTRUCTION NO. 2

### JUROR'S DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you have heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the Defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Pattern Jury Instructions, Sixth Circuit, §1.02

## JURY INSTRUCTION NO. 3

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the Defendant had plead not guilty to the crimes charged in the indictment. The indictment is not evidence of guilt. It is just the formal way the government tells the Defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Pattern Jury Instructions, Sixth Circuit, § 1.03

## JURY INSTRUCTION NO. 4

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of those things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Pattern Jury Instructions, Sixth Circuit, § 1.04

**JURY INSTRUCTION NO. 5**

**CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Pattern Jury Instructions, Sixth Circuit, § 1.05

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chance of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence that the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Pattern Jury Instructions, Sixth Circuit, § 1.06

**JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the Defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or slant the testimony in favor or one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Pattern Jury Instruction, Sixth Circuit, § 1.07

## JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES - LAW ENFORCEMENT OFFICER

You have heard the testimony from a number of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

S1 Modern Federal Jury Instructions - Criminal 4.18 (as amended by counsel)

## JURY INSTRUCTION NO. 9

## LAWYER'S OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against the other side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Pattern Jury Instructions, Sixth Circuit, § 1.09

**JURY INSTRUCTION NO. 10**

**SEPARATE CONSIDERATION**

The Defendant has been charged with several crimes and I will explain those charges in more detail shortly.  But before I do, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence against the Defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of a particular charge.

Your decision on any one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Pattern Jury Instructions, Sixth Circuit, § 2.01 (as modified by counsel)

### JURY INSTRUCTION NO. 11

### COUNT 1: INTERSTATE TRANSPORTATION FOR PROSTITUTION

### 18 U.S.C. § 2421(a)

Count 1 of the indictment charges the Defendant with transportation for prostitution and sexual activity.  In order for you to find the Defendant guilty of this charge, the government must prove both of the following elements beyond a reasonable doubt:

1.      The Defendant knowingly transported or attempted to transport the person identified in the indictment in interstate commerce; and

2.      At the time of the transportation or attempted transportation, the Defendant intended that the person identified in the indictment would engage in prostitution or sexual activity for which the Defendant or any other person identified in the indictment could have been charged with a criminal offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the Defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Pattern Criminal Jury Instructions, Seventh Circuit, 2421

## JURY INSTRUCTION NO. 12

## COUNT 2 - KIDNAPPING

## 18 U.S.C. § 1201(a)

Count 1 of the indictment charges the Defendant with kidnapping.  It is a Federal crime for anyone to kidnap, seize, confine, inveigle, decoy, abduct, or carry away another person and then transport that person in interstate commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1.      the Defendant knowingly and willfully kidnapped, seized, confined, inveigled, decoyed, abducted, or carried away the victim, R.W.;

2.      the Defendant kidnapped, seized, confined, inveigled, decoyed, abducted, carried away the victim with the intent to secure a ransom, reward, or other benefit and held the victim for that reason; and

3.      the victim was willfully transported in interstate commerce while being kidnapped, seized, confined, inveigled, decoyed, abducted, or carried away, or the Defendant traveled in or used the mail or any means, facility, or instrumentality of interstate commerce in kidnapping, seizing, confining, inveigling, decoying, abducting, or carrying away the victim or in furtherance of kidnapping the victim.

To "kidnap" a person means to forcibly and unlawfully hold, keep, detain, and confine that person against the person's will.  Involuntariness or coercion related to taking and keeping the victim is an essential part of the crime.

To "inveigle" a person means to lure, or entice, or lead the person to do something by making false representations or promises, or using other deceitful means.

The government does not have to prove that the Defendant committed the kidnapping for ransom or any kind of personal financial gain.  It only has to prove that the Defendant intended to gain some benefit from the kidnapping.

"Interstate commerce" means business or travel between one state and another.

A person is "transported in interstate commerce" if the person is moved from one state to another, in other words, if the person crosses a state line.

The government does not have to prove that the Defendant knew he took the victim across a state line.  It only has to prove the Defendant was intentionally transporting the victim.

<u>Pattern Criminal Jury Instructions, Eleventh Circuit, § O49, as amended by counsel</u>

## JURY INSTRUCTION NO. 13

## COUNT 3: BANK FRAUD

## 18 U.S.C. § 1344

Count 3 of the indictment charges the defendant with bank fraud.  For you to find the Defendant guilty of bank fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1.      First, that the Defendant knowingly executed or attempted to execute a scheme to defraud, that is, a scheme to deceive a financial institution and to deprive it of something of value;

2.      Second, that the scheme related to a material fact or included a material misrepresentation or concealment of a material fact;

3.      Third, that the Defendant had the intent to deceive the financial institution and to deprive it of something of value;

4.      Fourth, that the financial institution was federally insured.

Now I will give you more detailed instructions on some of these terms.

A.      A "scheme" means any deliberate plan or course of conduct.

B.      The term "misrepresentation or concealment" means any false statements or assertions that concern a material fact of the matter in question, that were either know to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

C.      An act is done "knowingly" if it is done voluntarily, and not because of mistake or some other innocent reason.

D.      A misrepresentation or concealment of fact is material if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

16

It is not necessary that the government prove:

      a.    that the financial institution suffered financial harm;

      b.    that the defendant intended to cause the financial institution harm; or

      c.    that the alleged scheme actually succeeded.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

Pattern Jury Instructions, Sixth Circuit, § 10.03A

## JURY INSTRUCTION NO. 14

## COUNT 4 - AGGRAVATED IDENTITY THEFT

## 18 U.S.C. § 1028A

Count 4 of the indictment charges the Defendant with transferring, possessing, or using a means of identification of another person during and in relation to a felony violation listed in the statute.

For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1.      First: that the Defendant committed the felony violation charged in Count 3.  The violation charged in Count 3 is a felony violation listed in the statute.

2.      Second: that the defendant knowingly transferred, possessed, or used a means of identification of another person without lawful authority.

3.      Third: that the Defendant knew the means of identification belonged to another person.

4.      Fourth, that the transfer, possession, or use was during and in relation to the crime charged in Count 3.

Now I will give you more detailed instructions of some of these terms.

A.      The term "means of identification" is identified as any name or number that may be used to identify a specific individual, including any name, social security number, date of birth, official government-issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, or telecommunication identifying information or access device.

18

B.     The terms "transfer, possess, and use" are defined as follows:

(i)     The term "transfer" includes selecting an identification document and placing or directing the placement of such document on an online location where it is available to others.

(ii)     Next, I want to explain something about "possession."  To establish actual possession, the government must prove that the Defendant had direct, physical control over the means of identification, and knew that he had control of it.  But understand that just being present where something is located does not equal possession.  The government must prove that the Defendant had possession of the means of identification, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

(iii)     The term "use" means active employment of the means of identification during and in relation to the crime charged in Count 3.  "Active employment" includes activities such as displaying or bartering.  "Use" also includes a person's reference to a means of identification in his possession for the purpose of helping to commit the crime charged in Count 3.

C.     An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

D.     The phrase "without lawful authority" does not require that the Defendant stole the means of identification information from another person but includes the Defendant obtaining that information from another person with that person's permission or consent.

E.     The term "during and in relation to" requires that the means of identification have some purpose or effect with respect to the crime charged in Count 3; in other words, the means of identification must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 3, and its presence or involvement cannot be the result of accident or coincidence.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

Pattern Jury Instructions, Sixth Circuit, § 15.04

Pattern Jury Instructions, Sixth Circuit, § 2.10A

## JURY INSTRUCTION NO. 15

## COUNTS 5-14: INTERSTATE THREATS

## 18 U.S.C. § 875(c)

Counts 5-14 of the indictment charges the Defendant with transmitting a communication containing a threat to kidnap or injure.  For you to find the Defendant guilty of these offenses, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1.     First, the Defendant knowingly transmitted a communication; and

2.     Second, the communication contained a threat to kidnap or injure a particular person; and

3.     Third, the Defendant transmitted the communication for the purpose of making a threat or knowing the communication would be viewed as a threat; and

4.     Fourth, the communication was transmitted in interstate commerce.


Now I will give you more detailed instructions on some of these terms.

A.     The word "threat" means a statement that is a serious expression of intent to inflict bodily harm on a particular person that a reasonable observer would perceive to be an authentic threat.

B.     To transmit something in interstate commerce merely means to send it from a place in one state to a place in another state.


The government need not prove that the defendant intended to carry out the threat or was capable of carrying out the threat at the time it was made.  The government need not prove that the defendant made the targeted individual feel threatened or that the targeted individual knew about the threat.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the count you are considering.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of the count you are considering.

Pattern Jury Instructions, Sixth Circuit, § 1801, as amended by counsel

## JURY INSTRUCTION NO. 16

## DEFENDANT'S THEORY OF THE CASE

Defendant's theory of the case is that he is not guilty of the offenses charged in Counts 1 through 14 of the indictment.

## **JURY INSTRUCTION NO. 17**

That concludes the part of my instructions explaining the elements of the crimes.  Next, I will explain some rules that you must use in considering some of the testimony and evidence.

Pattern Jury Instructions, Sixth Circuit, § 7.01

## JURY INSTRUCTION NO. 18

## DEFENDANT'S FAILURE TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify or present evidence.  The fact that he did not testify or present evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that he is innocent.

Pattern Jury Instruction, Sixth Circuit, § 7.02A

## JURY INSTRUCTION NO. 19

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk with the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Pattern Jury Instructions, Sixth Circuit, § 8.01

## JURY INSTRUCTION NO. 20

## EXPERIMENTS, RESEARCH, AND INVESTIGATION

Remember that you must make your decision based only on the evidence you saw and heard here in court.

During you deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  Even using your smartphones, tablets, an computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.  You are only permitted to discuss this case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow

jurors or the parties in this case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Pattern Jury Instructions, Sixth Circuit, § 8.02

## JURY INSTRUCTION NO. 21

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the Defendant guilty of a particular count, everyone one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

Pattern Jury Instruction, Sixth Circuit, § 8.03

## JURY INSTRUCTION NO. 22

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is you duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that -- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the Defendant guilty beyond a reasonable doubt.

Pattern Jury Instructions, Sixth Circuit, § 8.04

## **JURY INSTRUCTION NO. 23**

## **VERDICT LIMITED TO CHARGES AGAINST THE DEFENDANT**

Remember that the Defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

Pattern Jury Instructions, Sixth Circuit, § 8.08

## **JURY INSTRUCTION NO. 24**

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in anyway.  You decide for yourselves of the government has proved the Defendant guilty beyond a reasonable doubt.

Pattern Jury Instructions, Sixth Circuit, § 8.09