UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | |
| v. | Case No. 3:19-CR-00019-DJH-RSE |
| BRYAN DOUGLAS CONLEY, | *Electronically Filed* |
| Defendant. | |

_____

**DEFENDANT BRYAN DOUGLAS CONLEY'S
PROPOSED VOIR DIRE QUESTIONS**
_____

Defendant, Bryan Douglas Conley, by counsel, hereby respectfully submits the following proposed voir dire questions in anticipation of the jury trial in this matter, currently scheduled to begin on Monday, February 6, 2023, and request that the same be asked of the venire panel. Mr. Conley reserves the right to supplement these proposed voir dire questions, delete questions or areas of inquiry from these voir dire questions, or otherwise modify these proposed voir dire questions.

1. The defendant in this case is Bryan Douglas Conley. Do you personally know this gentleman? Do you know any of his relatives?

2. Does anyone know the judge or attorneys involved in this matter?

3. Has anyone ever served on a jury before, including a grand jury? Criminal or civil? What was the result? Were you the foreperson?

4. Is there anything about your experience as a juror that would make you not want to serve as a juror again or that affected your opinion about the judicial process?

5. Has anyone had any prior contact with the criminal justice system, whether as a defendant, victim, witness, or other participant (such as law enforcement member or court employee)? What was your experience? What happened?

6. Has anyone had any prior contact with the legal system, such as in civil litigation, divorce actions, workers' compensation, and in what context (such as plaintiff, defendant, witness)? What was your experience? What happened?

7. Have any of you, or any of your close friends or relatives, ever been employed by or otherwise affiliated with any federal, state, or local law enforcement agencies or organizations, i.e. Federal Bureau of Investigation, Kentucky State Police, Louisville Metro Police Department? If so, what agency and in what capacity?

8. Have any of you, or any of your close friends or relatives, ever worked for the federal government or for a state or local government? If so, what job(s) did you, your relative, or your close friend have (now or in the past)?

9. Does anyone have any family members or close friends who have been arrested, tried, and/or incarcerated?

10. Have any of you, or any of your close friends or relatives, ever participated in online dating? Have any of you, or any of your close friends or relatives, dated anyone you or they met on a dating website or dating application? If so, would you consider the experience a positive experience or a negative experience?

11. Does anyone have any religious or philosophical beliefs that would make it difficult for you to be a juror?

12. This trial is expected to last more than a week. Would serving on this jury create a hardship for you?

13. Does anyone have any medical problems that might affect your jury service?

14. Does anyone have any problem with hearing, eyesight, or any other physical difficulty which might make it difficult for you to hear or see the evidence presented at trial?

15. The government may call witnesses who are federal, state, or local law enforcement. Does the fact that any individual is employed as a law enforcement officer for the United States Government or another state or local government cause you to believe that, based solely on their employment, they are more credible or more believable than other witnesses or that their testimony should or will be given greater weight than the testimony of the witnesses who are not law enforcement?

16. Does anyone watch television shows that deal with criminal justice issues, e.g. *C.S.I.* or *Law and Order*?

17. Is anyone a member of any groups which speak out on criminal justice issues, such as Mothers Against Drunk Driving or any other advocacy group?

18. Has anyone heard or read anything about this case? What have you heard or read?

19. Every person accused of a crime in our society is presumed to be innocent. In this case, Mr. Conley is presumed to be innocent of all the charges against him. You must presume him innocent unless at the end of the trial the government has proved him guilty beyond a reasonable doubt. The burden of proof is on the government to prove him guilty of each element of each offense beyond a reasonable doubt. The burden never shifts throughout the trial. The law does not require Mr. Conley to produce any evidence at all because no defendant has to prove his innocence. Consequently, Mr. Conley has the absolute constitutional right not to take the stand and testify as a witness. He need not offer any evidence, and may, in fact, stand mute, because he is presumed innocent.

-- Do any of you believe that if a defendant does not testify, he or she must be guilty or is more likely to be guilty than one who does?

-- Are each of you willing to hold the government to its burden of proof and to presume Mr. Conley innocent unless and until the government satisfies you beyond a reasonable doubt of his guilt of each element of each offense with which he is charged?

-- Is there anyone who, right at this moment, could not stand up and say that you do in fact presume Mr. Conley innocent of all charges against him?

-- Does anyone here think that Mr. Conley should testify or present evidence on his own behalf before you could find him not guilty?

20. How many of you feel that the standard of proof in a criminal case should be something other than beyond a reasonable doubt?

21. Do any of you feel that just because someone is charged with a crime that he must have done something wrong?

22. As you have been told, Mr. Conley is charged by indictment. As the judge will tell you, the indictment is not evidence. It is merely the formal manner of informing the accused of the charges against him.

-- Do any of you feel that the United States Attorney's Office would not bring a case against a defendant unless the defendant is guilty?

-- Do any of you feel that because a person has been indicted by the grand jury that more than likely the person is guilty?

23. If Mr. Conley does not present any evidence or call any witnesses, will any of you have a difficult time accepting that and, instead, hold that against him when making your decision?

24. If the Mr. Conley chooses to testify, are any of you going to be less likely to believe him because he is charged in a federal indictment?

25. If Mr. Conley chooses to testify, will each of you be able to evaluate his believability and creditability the same as you will with other witnesses?

26. As with any criminal case, the government will present its case first, then the Defendant will have an opportunity to present his case. Will each of you withhold judgment and keep an open mind on this matter until all the evidence has been presented by both sides?

27. The Defendant has been charged with interstate transportation for prostitution. Have any of you, or your family members or close friends, ever been involved with prostitution?

28. Do any of you have strong feelings regarding prostitution that would make it difficult to be fair and impartial in considering the evidence in this case?

29. Will you be able to render a decision based upon the evidence alone or is there something from your personal experiences involving prostitution -- either individually, or a family member, or a close friend -- that would prevent you from being impartial when considering the evidence in this case?

30. The Defendant has been charged with kidnapping. Have any of you, or your family members or close friends, ever been kidnapped?

31. Will you be able to render a decision based upon the evidence alone? Or is there something from your personal experiences involving kidnapping -- either individually, or a family member, or a close friend -- that would prevent you from being impartial when considering the evidence in this case?

32. The Defendant has been charged with bank fraud. Have you, or your family members or close friends, ever been the victim of fraud?

33. Will you be able to render a decision based upon the evidence alone? Or is there something from your personal experiences involving fraud -- either individually, or a family member, or a close friend -- that would prevent you from being impartial when considering the evidence in this case?

34. The Defendant is charged with aggravated identity theft. Have you, or your family members or close friends ever been the victim of identity theft?

35. Do any of you have strong feelings regarding identity theft that would make it difficult to be fair and impartial in considering the evidence in this case?

36. Will you be able to render a decision based upon the evidence alone? Or is there something from your personal experiences involving identity theft -- either individually, or a family member, or a close friend -- that would prevent you from being impartial when considering the evidence in this case?

37. The Defendant has been charged with sending threatening text messages. Have you or your family members or close friends ever been the recipient of threatening text messages?

38. Will you be able to render a decision based upon the evidence alone? Or is there something from your personal experiences involving threatening text messages -- either individually, or a family member, or a close friend -- that would prevent you from being impartial when considering the evidence in this case?

39. This case contains sexually explicit language that describes both body parts and sexual activity. Would your exposure to such language make it difficult for you to be fair and impartial in this case? Would your answer change if one of the participants was a minor?

40. This case contains graphic and violent language and pictures. Would your exposure to such material make it difficult for you to be fair and impartial in this case? Would you answer change if one of the participants was a minor?

41. Is there anything about the nature of the case that would make it harder for any of you to presume Mr. Conley innocent at this point? Is there anything about the nature of the case that would result in any of you not holding the government to its burden of proving each element of each offense beyond a reasonable doubt?

42. Do any of you believe that you must hear from the Defendant during the trial in order to find him not guilty?

43. In order to reach a verdict in this case, all jurors must agree to the same result. In your deliberations you should consider the view of, and any points made by, your fellow jurors. But, in the final analysis, each of you must follow your own conscience and be personally satisfied with your individual verdict.

-- Do any of you feel that you would be uncomfortable speaking out and sharing your views with fellow jurors?

-- Would any of you be tempted to change your verdict simply because most of the other jurors, or even all of the other jurors, disagreed with you?

44. Can you think of any reasons, including or in addition to any of those already mentioned, that causes any of you to wish to be excused from service in this case?

45. Finally, as a juror, it would be your sworn duty to be fair and impartial. Are each of you willing to be as fair and impartial to Mr. Conley as you would want jurors to be if they were sitting where you are and you were on trial?