UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:19-cr-19-DJH

BRYAN DOUGLAS CONLEY,     Defendant.

\* \* \* \* \*

## ORDER

Defendant Bryan Douglas Conley is charged with interstate transportation for prostitution (Count 1 of the Second Superseding Indictment), kidnapping by inveigle and decoy (Count 2), bank fraud (Count 3), aggravated identity theft (Count 4), and interstate threats (Counts 5-14). (Docket No. 45) The matter is set for trial on February 6, 2023. (D.N. 122) Conley moves to sever Count 1 from Counts 2-14 for trial purposes.[1] (D.N. 134) For the reasons explained below, the Court will grant the motion to sever.

**I.**

Count 1 of the Second Superseding Indictment alleges that

> [o]n or about November 8, 2018 through November 12, 2018, in the Western District of Kentucky, Oldham County, and elsewhere, the defendant BRYAN DOUGLAS CONLEY, knowingly transported, and attempted to transport, a person, female 1, in interstate commerce with intent that the individual engage in prostitution and in sexual activity for which any person can be charged with a criminal offense.

(D.N. 45, PageID.150) The remaining counts charge Conley with a variety of offenses alleged to have occurred in late January 2019 involving a victim identified as R.W. (*Id.*, PageID.151-61) Paragraphs 2-16 detail an alleged scheme in which Conley contacted R.W. via the internet dating

---

[1] The pending motions in limine (D.N. 105; D.N. 140; D.N. 141; D.N. 142; D.N. 143; D.N. 145) will be addressed in a separate order.

app Plenty of Fish using a false identity and promises of a modeling contract for R.W., then kidnapped her and held her for ransom. (*Id.*, PageID.151-55) Counts 3-14 pertain to Conley's alleged attempts to use R.W.'s identity and credit card (*id.*, PageID.155-56) and threats to R.W.'s parents (*id.*, PageID.156-61) during the same time period. Conley concedes that Counts 2-14 are properly joined (D.N. 134, PageID.160-61) but maintains that "[n]othing on the face of the indictment supports joinder of Count 1 with Counts 2-14." (*Id.*, PageID.161) He therefore argues that Count 1 should be tried separately. (*Id.*)

## II.

Pursuant to Federal Rule of Criminal Procedure 8(a),

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "[F]ailure to meet the requirements of this rule constitutes misjoinder as a matter of law," and when such misjoinder occurs, "the district court has 'no discretion on the question of severance.'" *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (quoting *United States v. Hatcher*, 680 F.2d 438, 440-41 (6th Cir. 1982)). "Whether joinder was proper under Rule 8(a) is determined by the allegations on the face of the indictment." *Id.* (citations omitted).

Here, the indictment reveals no connection between Count 1 and Counts 2-14. Count 1 charges a different offense, involving a different victim, more than two months before the alleged kidnapping, bank fraud, identity theft, and threats. (*See* D.N. 45, PageID.150-61) Although the government's description of the facts in its response to Conley's motion suggests some similarities in how Conley allegedly contacted and presented himself to the two victims

2

(D.N. 135, PageID.467-68), those facts do not appear in the Second Superseding Indictment as to Count 1 and thus may not be considered for purposes of the Rule 8 inquiry. *See Chavis*, 296 F.3d at 456. Likewise, while the United States asserts that Conley "engaged in sexual activity" with R.W. and "transported her interstate" (D.N. 135, PageID.468), the Second Superseding Indictment contains no such allegations.[2] (*See generally* D.N. 45)

The United States argues briefly that "Counts 1 and 2 are of the same or similar character because both Count 1 (18 U.S.C. § 2414) and Count 2 (18 U.S.C. § 1201(a)(1)) necessitate the unlawful transportation of another in interstate commerce." (D.N. 135, PageID.470) But the kidnapping statute does not require interstate transportation in all cases, *see* § 1201(a)(1), and the Second Superseding Indictment does not charge Conley with violating that provision of the statute. (*See* D.N. 45, PageID.154 (alleging that Conley "did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold R.W. for ransom, reward, or otherwise, and, in committing or in furtherance of the commission of the offense, used cellular telephones and his car, a means, facility, and instrumentality of interstate or foreign commerce"))

Finally, the two cases upon which the government relies, *Johnson v. United States*, 356 F.2d 680 (8th Cir. 1966), and *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001), are distinguishable: *Johnson* involved five counts of the same offense, *see* 356 F.2d at 681; and in *Jacobs*, the defendant was charged with various offenses—some overlapping—related to two separate-but-similar abductions of the same victim. *See* 244 F.3d at 506. No such similarities exist here.

---

[2] On the contrary, the indictment alleges that R.W. drove herself to Kentucky on January 29, 2019, and that Conley then "drove R.W. to various locations throughout Kentucky." (D.N. 45, PageID.153)

In sum, it is not clear from the face of the Second Superseding Indictment that Count 1 and the other offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Severance is therefore required. *See Chavis*, 296 F.3d at 456.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Conley's motion to sever (D.N. 134) is **GRANTED**. Count 1 of the Second Superseding Indictment shall be tried separately from Counts 2-14.

January 11, 2023

David J. Hale, Judge
United States District Court