UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BRYAN DOUGLAS CONLEY, <br><br> Defendant. | Case No. 3:19-CR-00019-DJH-RSE <br><br> *Electronically Filed* |

_____

**MOTION TO EXCLUDE UNTIMELY R. 16 DISCOVERY**
_____

Comes now Defendant Bryan Douglas Conley, by and through counsel, and, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), hereby moves the Court to exclude from the trial in this matter all evidence and testimony concerning a cell phone extraction of Mr. Conley's phone of which the government advised Mr. Conley on January 12, 2023, and which, as of this filing, has not been disclosed / produced by the government.[1,2]

Mr. Conley is charged in a second superseding indictment with interstate transportation for prostitution, kidnapping, bank fraud, aggravated identity theft, and sending threatening interstate communications. (R. 45.) Previously, the Court granted Mr. Conley's motion to sever the interstate transportation for prostitution charge from all other charges. (R. 156.) At the final pretrial conference held on January 12, 2023, the parties agreed, and the Court ordered, that the trial on the kidnapping, bank fraud, aggravated identity theft, and threatening interstate

---

[1] Mr. Conley does not seek to exclude cell phone extraction data disclosed by the government prior to January 12, 2023; he only seeks to exclude the material resulting from the Cellebrite extraction of which the government notified Mr. Conley on January 12, 2023, that has not yet been disclosed.

[2] Mr. Conley notes that he could not have brought this motion by the December 20, 2020, motions in limine deadline because he was not made aware of the material at issue here until January 12, 2023.

communications charges would be held prior to the trial on the interstate transportation for prostitution charges. Trial on the kidnapping, bank fraud, aggravated identity theft, and threatening interstate communications charges is set for February 6, 2023. (R. 122.)

Undersigned counsel was appointed to this matter on June 27, 2022. (R. 115.) Shortly thereafter, the undersigned submitted a request for the production of all R. 16 discovery in this case. (*See* Exhibit 1, July 12, 2022 Email and Letter Requesting Discovery.) On July 11, 2022, the Court entered a Scheduling Order and set certain disclosure deadlines. (R. 122.) Mr. Conley admits that the Scheduling Order does not itself impose a specific deadline for the production of all R. 16 discovery; it only addresses expert disclosures, *Jencks* disclosure, and *Brady/Giglio* disclosure. (*Id.*) No less, the Scheduling Order set this matter for a final pretrial conference on January 12, 2023, and trial for February 6, 2023. (*Id.*)

The government has been in possession of a cell phone purportedly belonging to Mr. Conley since January 31, 2019. Indeed, the government previously advised Mr. Conley of the cell phone extraction conducted on the subject cell phone. Undersigned counsel for Mr. Conley has been to the United States Attorney's Office and reviewed that extracted data multiple times, including one occasion in July 2022, prior to obtaining all documentary discovery from the government, and then again on December 21, 2022. (*See* Exh. 1; Exhibit 2, Email Exchange Evidencing December 21, 2022 Extraction Review.) Counsel for Mr. Conley has been diligent in repeatedly requesting and reviewing the discovery produced and made available by the government in this case.

On January 12, 2023, just prior to the start of the final pretrial conference, the government produced a batch of additional discovery and indicated that additional production of discovery would be forthcoming. Two pages of the batch production provided on January 12,

2023, contained, according to the government, "a preview" of material recently extracted from Mr. Conley's cell phone. (Exhibit 3, Pertinent Pages Produced January 12, 2023.) The government represented that these preview pages provide evidence that Mr. Conley created the Plenty of Fish profile relevant to this case on his cell phone and that his cell phone contained evidence that Mr. Conley was texting R.W. (the alleged kidnapping victim) from his cell phone while simultaneously using two separate phone numbers. (*See id.*)

According to the government, the production of the remainder of discovery from this recent extraction would not be ready for production until Friday, January 20, 2023, *if then*. The government could not predict, with precision, when the R. 16 discovery would be available to Mr. Conley even though the cell phone has been in the possession, custody, and control of the government for nearly four years. The government did not indicate when the recent extraction occurred. During the final pretrial conference, the government represented that it would be seeking to introduce, in its case-in-chief, material from this recent extraction, even though not yet produced.

Federal Rule of Criminal Procedure 16(a)(1)(E) states that,

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control, and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case in chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Where the government fails to comply with its R. 16 obligations, trial courts have discretion to fashion an appropriate remedy, such as excluding the material from trial. Fed. R. Crim. P. 16(d)(2).

Here, every element of Fed. R. Crim. P. 16(a)(1)(E) is met. Mr. Conley, if not prior to the appointment of undersigned counsel, undoubtedly made a request for all R. 16 discovery by

July 12, 2022, shortly after undersigned counsel was appointed. (Exh. 1.) The data extracted from Mr. Conley's cell phone is specifically contemplated under R. 16, the data is unquestionably material to preparing Mr. Conley's defense as he cannot be expected to prepare a defense to material he does not know exists, the government intends to use this material in its case-in-chief, and the data was obtained from an item purportedly belonging to Mr. Conley.

While the government has an on-going obligation to produce discovery in a criminal case, that does not permit the government to use in its case-in-chief untimely disclosed discovery. The material at issue here is not newly obtained material. The cell phone at issue has been in the government's possession since January 31, 2019. There is no reason that in nearly four years of litigating this criminal matter, the material previewed by the government on January 12, 2023, was not already produced by the government. The reason provided by the government for the late production (which still has not yet occurred) was that the forensic computer lab recently started using a new version of the Cellebrite software that permitted the lab to obtain information that was always on Mr. Conley's phone, but not previously located. According to the government, each time a new Cellebrite software update is released, the potential exists for new electronic discovery to be located on devices previously examined by prior versions of Cellebrite. Under this logic, every time an update to Cellebrite software is released, regardless of the extent of the update, every pending criminal case in the United States that involves a device containing electronic data previously extracted by Cellebrite software would have to be re-processed and re-analyzed to determine whether additional discovery or case-specific material could be located. This is unreasonable.

Further, the government has not represented when the new Cellebrite software version was available to the forensic lab, so Mr. Conley is unable to argue when the new extraction could

have been reasonably conducted, if at all. That said, Mr. Conley submits that the longer the software update has been available, the more egregious this R. 16 violation becomes.

Allowing the government to introduce this late-identified discovery in a trial less than three weeks away when the material has not yet been made available to Mr. Conley would result in an unfair and prejudicial trial. Mr. Conley would be faced with overcoming arguably inculpatory evidence that he has not been afforded reasonable time to analyze. Prospectively, Mr. Conley objects to a remedy that would result in any continuance of the trial due to the government's failure to comply with its R. 16 obligations and notes that a motion to dismiss for constitutional and statutory speedy trial violations is being filed contemporaneously with this motion.

For all of the reasons stated above, Mr. Conley respectfully asks the Court to exclude from the trial on the kidnapping, bank fraud, aggravated identity theft, and threatening interstate communications charges any and all evidence and testimony related to any extraction of Mr. Conley's cell phone not made available to him prior to January 12, 2023.

Respectfully submitted,

*/s/ Joshua F. Barnette*
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY 40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*

**CERTIFICATE OF SERVICE**

I hereby certify that on 17th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joshua F. Barnette*
Joshua F. Barnette