UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff<br><br>v.<br><br>BRYAN DOUGLAS CONLEY,<br><br>                                    Defendant. | Case No. 3:19-CR-00019-DJH-RSE<br><br>*Electronically Filed* |

_____

**SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE**
_____

      In its Response, *without citing to any evidence in the record*, the government presents allegations it claims underlie Count 1.  (R. 154 at 2.)  Unlike the several pages of allegations set forth in the indictment related to the kidnapping charge (Count 2), the indictment is silent on the factual allegations the government seeks to introduce as 404(b) evidence.  (*Compare* R. 45 *with* R. 154.)  The indictment does not contain any factual allegations from which the Court could find that the conduct purportedly underlying Count 1 (interstate transportation for prostitution) is similar to the conduct purportedly underlying Count 2 (kidnapping).  (R. 45.)  The government contends that the grand jury's return of the second superseding indictment is enough to establish that the 404(b) other acts occurred.  (R. 154 at 5.)  But there is nothing in the record to show the factual allegations on which the grand jury based its decision, especially not a recitation of the allegations contained in the government's Response.

      Moreover, the Response claims that Mr. Conley used "loveiseasy" as his username on the dating app Plenty of Fish when corresponding with the alleged victims of Counts 1 and 2.  (R. 154 at 2, 6.)  This allegation is in direct contradiction with the preview of untimely R. 16

discovery the government produced at the January 12, 2023, pretrial conference, and the government's description of that material wherein the government suggested the documents show Mr. Conley used "8008sloose" as his Plenty of Fish username when corresponding with R.W, the alleged victim of Count 2. (*See* Exh. 1; *see also* R. 158.)

In the Response, the government claims that Mr. Conley used his vehicle to transport both alleged victims "in interstate." (R. 154 at 1-3.) As the Court has noted in its Order granting Mr. Conley's motion to sever, the indictment does not charge Mr. Conley with transporting in interstate the alleged kidnapping victim. (R. 153 at 3.) Indeed, Mr. Conley is not charged with transporting the alleged kidnapping victim in interstate; he is alleged to have used an instrumentality of interstate commerce. (*Id.* at 4; R. 45.) Thus, even though interstate transportation is a required element of Count 1 (interstate transportation for prostitution), it has no bearing on Count 2 (kidnapping).

Additionally, the government's stated purpose for the introduction of this evidence is pretext. (*See* R. 154 at 5-7.) Identity regarding the kidnapping charge is not at issue; Mr. Conley was arrested in the presence of the alleged kidnapping victim. (R. 1.) As already shown, the alleged underlying facts, if they occurred, are too attenuated and too dissimilar to show any common plan or scheme. And the case cited by the government to support its position that the evidence should be admitted to prove intent is distinguishable from this case. In *United States v. Van Metre*, 150 F.3d 339 (4th Cir. 1998), evidence related to a prior kidnapping-rape-murder case was admitted in a trial for kidnapping and rape. Here, the charges are different and have different elements. Thus, there exists no proper purpose for the admission of this evidence.

Lastly, not addressed in the government's Response, the substantial prejudice that Mr. Conley would face if this 404(b) evidence is admitted greatly outweighs the probative value it

has, if any at all.  The currently unsupported factual allegations related to Count 1 set forth in the Response have very little, if any, probative value as to a material issue in Counts 2-14.  Yet the prejudicial impact would be tremendous.  The allegations related to Count 1 are too attenuated and dissimilar to the factual allegations set forth in the indictment relating to Count 2.  If these other acts are admitted, not only would Mr. Conley be forced to engage in a mini-trial (or trial-within-a-trial) to determine whether the acts occurred, but he would also be forced to set out his defense with regard to Count 1.  That prejudice, alone, is substantial and weighs in favor of excluding the evidence.  Admitting the evidence would also greatly increase the risk that the jury would return a verdict based upon an improper purpose.  (*See* R. 140 at 9-11)

For all of these reasons, and for the reasons set forth in the initial Motion (R. 140), Mr. Conley respectfully asks that the Court grant the Motion In Limine to Exclude 404(b) evidence.

Respectfully submitted,

*/s/ Joshua F. Barnette*
Joshua F. Barnette
STITES & HARBISON PLLC
400 West Main Street, Suite 1800
Louisville, KY  40202
859.226.2318
jbarnette@stites.com
*Counsel for Bryan Douglas Conley*

**CERTIFICATE OF SERVICE**

I hereby certify that on 19th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Joshua F. Barnette*
Joshua F. Barnette