UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:19-CR-19-BJB

BRYAN DOUGLAS CONLEY                                        DEFENDANT

### REPLY TO MOTION TO ADMIT EVIDENCE OF FLIGHT

The United States moved to introduce evidence of Conley's flight. The defendant filed a response objecting to the introduction of this evidence largely quailing with the facts presented by the United States and arguing the filing did not put for sufficient proof.

On February 1, 2019, Conley was released on supervised bond with conditions that his travel be restricted to Texas and Kentucky. DN 4. He was placed on home dentition and GPS monitoring as a condition of his release. *Id.* On June 14, 2019, the grand jury issued a superseding indictment adding Kidnapping, Bank Fraud and Aggravated identity theft to Conley previous charges. DN 22. On June 6, 2019, the summons scheduling arraignment on the superseding indictment for June 20, 2019, was returned executed. DN 25. On June 19, 2019, Conley filed a motion to waive his personal appearance at arraignment (the motion included Conley's signature acknowledging that Conley received a copy of the Superseding Indictment). DN 26 and DN 26-1.

According to the violation conduct filed by the United States Probation office, on June 20, 2018, Conley was to appear in U.S. District Court for the Western District of Kentucky for his arraignment on the superseding indictment. DN 35. Conley received permission by his supervising officer in Texas to travel to Kentucky for court purposes and left a via personal

vehicle for Louisville on June 14, 2019.  On June 20, 2019, Conley did not appear as required in U.S. District court for Arraignment purposes as he notified his attorney that his wife and child had been involved in a bad car accident and needed to return to Texas immediately to join them at the hospital.  USPO noted that Conley's appearance at court was waived on June 19, 2019, after his defense counsel filed a Motion for Waiver because of the alleged emergency.  On June 21, this office received notification from his supervising officer in Texas that they had received a Tracker Strap Tamper alert notification from his GPS monitor at 11:25 a.m. that mooring.  They then attempted to communicate with Mr. Conley; however, their efforts were unsuccessful.  They then telephonically contacted Mr. Conley's wife who indicated that Mr. Conley was in Kentucky at the VA Hospital attending court-ordered counseling.  She did not provide any information to the officers about being involved in a car accident during their conversation.  Conley was arrested in Ohio and did not have permission to be there. The FBI quickly determined that The FBI interviewed Conley's wife and other family members were not in an accident.   It is undisputed that Conley's whereabouts were unknown, and he had just been indicted for Kidnapping.

  The probation officer supervising Conley sent a GPS location of the ankle monitor to the FBI in Bowling Green.  The FBI recovered the Ankle monitor on the western shoulder of I-65 Northbound in the grass between the should and the woods.  The battery was located in the same vicinity.  Photographs of the damaged monitor and battery are attached as Exhibit 1 (Photograph of ankle strap for GPS Monitor) and Exhibit 2 (Photograph of Battery to GPS monitor).

  Conley was arrested on June 22, 2019 at around 8:05 p.m. in Ada, Ohio by the Ada Police Department.  Conley was apparently knocking on doors asking for money.  Conley did not have permission to be Ohio.  FBI took custody of Conley and transported him to the federal

courthouse for his removal hearing. Conley was not asked any questions but stated that someone else had removed his ankle monitor. He told the FBI SA Komar on June 24, 2019, that "someone held a gun to his head and made him do the things he did".

The evidence that Conley's ankle monitor was removed, and he traveled to state where he was not authorized to be after he was indicted for Kidnapping is uncontroverted evidence of flight. The removal of the monitor is evidence Conley was concealing his location so he could flee. In addition, there is evidence Conley knew he was to appear in federal Court in Kentucky as ordered by Probation. He lied to his attorney and fled. Conley's arguments are simply challenges to the weight of the evidence. He can cross-examine witnesses and present evidence in his favor. None of his arguments affect the sufficiency of the evidence of flight to support it admission in this case.

Respectfully submitted,

MICHAEL A. BENNETT
ACTING UNITED STATES ATTORNEY

*s/ Joshua Judd*
Assistant U.S. Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-5911

**CERTIFICATE OF SERVICE**

I certify that this pleading was electronically filed using the Court's ECF system on May 19, 2022, with notice to counsel for defendant.

*s/ Joshua Judd*
Assistant U.S. Attorney

3