UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                                                         CRIMINAL ACTION NO. 3:19:CR-00019-DJH

BRYAN D. CONLEY                                                                                              DEFENDANT

### RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE
*– Filed Electronically –*

The evidence of Count 1 is admissible in accordance with Federal Rule of Evidence 404(b) because the evidence is not offered to prove the defendant's character, but rather to prove identity, intent, absence of mistake, and common plan or scheme.

The United States drafted the response (D.N. 154) to the defendant's motion to exclude 404(b) evidence (D.N. 140) with the contemplation that the Court would sever Count 1 and order Counts 2-14 be tried first. Therefore, the United States' supplemental brief elaborates on the evidence to used and underscores its admissibility.

### EVIDENCE OF COUNT 1

The United States intends to present the admissible evidence of Count 1 through one witness: Victim #1.

Victim #1 will testify that in November 2018 she began messaging with Plenty of Fish ("POF") username of "loveiseasy" with some numbers after it[1]. "Loveiseasy" advised Victim #1 that his name was "Bryant" and that he was very wealthy and would pay her to have sex and live

---

[1] The defendant's claim that he used "8008loose" as his POF username when communicating is inaccurate (D.N. 154). The defendant used "loveiseasy2862" to communicate with both victims. "8008loose" is yet another username/account the defendant created.

with him. He offered her $200,000 and promised a new phone, car, and other items. "Bryant" also sent pictures showing "Bryant" to be tall and muscular. After a few days, Victim #1 agreed to meet "Bryant." On the day of the scheduled pickup, "Bryant" claimed to have had an auto accident and would send someone else to pick up Victim #1. The defendant arrived in a grey Ford Taurus and picked up Victim #1 at a park near her house in Ohio.

Victim #1 will further testify that the defendant told Victim #1 that if she had sex with the defendant and had sex with others while the defendant video recorded, "Bryant" would pay her more money; Victim #1 complied believing in the ruse. Ultimately the defendant drove Victim #1 to Texas where he left her at a gas station after taking her purse and cell phone.

## ARGUMENT

This evidence is admissible because it proves identity, intent, absence of mistake, and common plan or scheme.

Victim #1's testimony proves identity of Victim #2's offender in Count 2 and 5-14. Despite the defendant's recent claim that identity is not at issue in Counts 2-14 (D.N. 161), the defendant claimed to law enforcement that "Lance" communicated with Victim #2 on POF and directed the defendant to pick up Victim #2, take sexual pictures of her, pick up the ransom money, and keep her confined in his car. "Lance" used the POF username "loveiseasy2862." There was no "Lance." Victim #1's testimony will help prove that the defendant is "loveieseasy2862" and the defendant, and not a "Lance," communicated with Victim #2 and committed those acts against Victim #2 without direction from "Lance." This is the defendant's behavioral fingerprint or modus operandi.

Victim #1's testimony proves the defendant's criminal intent in Counts 2-14 in multiple ways. It proves his intent to commit bank fraud and identity theft as charged in Counts 3 and 4. The defendant stole Victim #1's purse and phone; the defendant also stole Victim #2's purse and

2

phone. The defendant claims that was an accident or misunderstanding. Victim #1's testimony will prove the defendant's criminal intent. It also proves his intent to seek sexual gratification of Victim #2, by showing the defendant sought sexual gratification when employing his ruse against Victim #1.

Victim #1's testimony proves the defendant's absence of mistake. The defendant told law enforcement in a recorded interview that "Lance" directed the defendant to pick up Victim #2, take nude pictures of her, keep her confined to the car, and pick up the ransom money and that "Lance;" thus, the defendant claims that his involvement is accidental. Victim #1's testimony will prove that the defendant's conduct was not accidental, but rather intentional as "Lance" does not exist.

Victim #1's testimony proves a common plan or scheme. The defendant formed and employed a "fishing" scheme or plan with Victim #1 and two months later refined and used his "fishing" scheme or plan with Victim #2.

Respectfully submitted,

MICHAEL A. BENNETT
UNITED STATES ATTORNEY

*s/* *Joshua Judd*
Joshua D. Judd
Joel King
Assistant U.S. Attorneys
717 West Broadway
Louisville, KY 40202

**CERTIFICATE OF SERVICE**

I certify that this pleading was electronically filed using the Court's ECF system on January 20, 2023, with notice to counsel for defendant.

*s/* *Joshua Judd*
Joshua D. Judd
Assistant U.S. Attorney