UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                                            CRIMINAL ACTION NO. 3:19-CR-19-BJB

BRYAN DOUGLAS CONLEY                                                                  DEFENDANT

### RESPONSE TO MOTION TO EXCLUDE RULE 16 EVIDENCE

This Court should deny the defendant's motion to exclude any discovery related his cell phone because the United States has complied with Federal Rule of Criminal Procedure 16 and because the defendant seeks a remedy severely disproportionate to the delayed discovery. The United States requests this Court deny the defendant's request but provide the defendant the time he needs to review the discovery.

### FACTS

The United States seized the defendant's cellular device ("device") on or about January 31, 2019, and has continually possessed the device since the seizure. The United States, authorized by a search warrant and through the Regional Computer Forensic Laboratory ("RCFL"), conducted and analyzed a device extraction twice. For both occasions, the RCFL used Cellebrite Universal Forensics Extraction Device ("UFED") data extraction processes.

Generally, there are three types of extractions when using Cellebrite: logical, file system, and physical. A logical extraction provides the least amount of information and is generally limited to short message service ("SMS") messages, contacts, call logs, media, and app data. A physical extraction is the most comprehensive and detailed analysis of the device and provides information that a logical extraction would but also files, hidden files, and deleted data. The type

of extraction is determined, and therefore limited, by the type of device and its securities and the version of the UFED.

RCFL completed an analysis of an initial extraction of the device on or about June 20, 2019. The Digital Forensic Examiner ("DFE") used UFED version 7.15.0.48, which was the most up to date version at the time. The DFE performed a logical extraction, as the UFED version available and the type of phone inhibited the DFE from performing a file system of physical extraction. The logical extraction produced limited information from the device and did not recover hidden or deleted data, nor messages the device sent using third part applications. The extraction is approximately 3.13GB. The DFE who performed the extraction and examination is retired and now unavailable.

Upon learning that the prior DFE would be unavailable, the United States sought analysis by another DFE in December 2022. On or about January 3, 2023, the RCFL designated another DFE to replace the retired DFE. In order to testify and to allow the United States to adequately respond to the defendant's December 15, 2023 discovery request, the DFE re-examined the device. On or about January 23, 2023, the RCFL conducted and completed an analysis of a second extraction of the device. The new DFE used UFED version 7.60.0.257, which was the most up to date version at the time of the extraction. This extraction was a physical extraction and produced data not previously produced during the 2019 examination. The second extraction is approximately 4.15GB and includes significant inculpatory data not previously viewed, but which confirms information known to the United States and the defendant. The United States has only cursorily reviewed this data. The United States immediately disclosed the full extraction to the defendant, sending the data overnight on January 23, 2023.

On January 12, 2023, before the DFE completed and analyzed the extraction, the DFE provided the United States with a limited preview of the results. The United States immediately shared the preview with the defendant, which was the same day at the final pretrial.

The new DFE also re-examined Victim #2's device, with an extraction size of 950MB, and the devices belonging to witnesses R.W. and M.W., with a combined extraction size of 867MB. DFE conducted these three additional examinations in order to competently testify about the devices to allow the United States to adequately respond to the defendant's December 15, 2023 discovery request. The United States has not yet reviewed this data.

## ARGUMENT

The United States has complied with Federal Rule of Criminal Procedure 16 by adhering to its continuing discovery obligation to promptly disclose to the defendant the existence of material that comes into the possession of the United States. Therefore, a sanction in accordance with Fed. R. Crim. P. 16(d)(2) is inapplicable. Additionally, the defendant seeks a remedy severely disproportionate to the delayed discovery. The United States has good reason for the delayed disclosure, the United States did not act in bad faith, there is little prejudice to the defendant, and the remaining time before trial as scheduled or a continuance would cure any prejudice.

**1. The United States has complied with Federal Rule of Criminal Procedure 16**

"A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if the evidence or material is subject to discovery or inspection under this rule." Fed. R. Crim. P. 16(c). Here, the United States only became aware of the possibility of additional evidence or material in the past 21 days. On January 12, 2023, within a day of discovering the existence of additional evidence or

material, the United States advised the defendant at a pretrial hearing. Moreover, on January 23, 2023, the United States disclosed the additional evidence to the defendant. Therefore and at all times, the United States complied with Rule 16.

**2. The defendant seeks a remedy disproportionate to the alleged discovery violation**

The defendant seeks to exclude otherwise admissible evidence when there are other appropriate remedies. Defendant cites Federal Rule of Criminal Procedure 16(d)(2) as the source of a remedy. However, Rule 16(d)(2) applies only "if a party fails to comply with this rule." Fed. R. Crim. P. 16(d)(2). Here the United States did comply with the rule.

Nevertheless, there are four potential remedies as contemplated by the rule: (A) order that party to permit the discovery or inspection; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances. Here the defendant seeks the most extreme remedy: excluding the evidence.

Exclusion of evidence is a remedy disproportionate to the alleged discovery violation. It is well-established that the trial court should impose the "least severe sanction" necessary to ensure compliance with its discovery orders. "District courts should embrace the 'least severe sanction necessary' doctrine, and hold that suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives," *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995), such as where the government has acted in bad faith, and the defendant has been subjected to a prejudice that cannot be cured by granting either a continuance or a recess. *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006). Factors for the district court to consider in deciding whether suppression of evidence is the appropriate remedy include: (1) the reasons for the delay in complying with the discovery order, (2) whether there was any bad faith on the part of the prosecution, (3) prejudice to the defendant,

and (4) the availability of a means to cure the prejudice, including continuances and recesses. *Maples* at 247.

  Here, the reason for the delay is a recent discovery of evidence with advent of an updated UFED version. The United States initiated an additional review of the information to consolidate witnesses for trial, search for exculpatory evidence pursuant to the defendant's request, and eliminate the need to call a retired witness. Only because of this additional review did the United States learn of the additional information to be disclosed.

  There was no bad faith by the United States. The United States promptly advised the defendant of the likelihood that the evidence existed before United States reviewed the material. Once received, the United States sent the evidence to the defendant the same day.

  There is little if any prejudice to the defendant because the evidence the defendant seeks to exclude is the contents of defendant's own device. Surely the defendant is aware of the contents of his own device. Moreover, the device has been available for the defendant's examination since its seizure, and so the defendant and could have applied his own forensic tools to the device.

  Lastly, there are available alternative means to cure any prejudice, namely a brief continuance. Here however, the defendant refused to ask for more time to review the material at the January 12, 2023 final pretrial. The defendant's refusal to utilize an appropriate remedy should not militate in his favor. <u>United States v. Scott</u>, No. 2:04-CR-08, 2005 WL 6747652, at *2 (E.D. Tenn. May 17, 2005) ("The defendants argue that late discovery should be excluded. The Court inquired of the defendants as to whether they wished a continuance to address the alleged prejudice suffered by late discovery. The answer was 'no.' Accordingly, the motion is Denied.").

The appropriate remedy, given the circumstances, should be to allow defendant the time he needs to review the material.

## CONCLUSION

The United States has complied with Federal Rule of Criminal Procedure 16 and the defendant seeks a remedy severely disproportionate to the delayed discovery. Therefore, the Court should deny the defendant's motion and grant the defendant any needed continuance to permit his review the recently disclosed.

Respectfully submitted,

_____
Joel King
Assistant United States Attorney
Eastern District of Kentucky
207 Grandview Drive, Suite 400
Ft. Mitchell, KY 41017
Ph: (859) 652-7034
joel.king@usdoj.gov

## CERTIFICATE OF SERVICE

On January 24, 2023, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

_____
Joel King
Assistant United States Attorney